## MONTGOMERY et al. *v.* WOOD et al.

A party to whom goods were shipped with directions to sell them for cash, delivered the goods to a purchaser at a cash sale; but, in compliance with a custom of the place, as to

such sales, to deliver goods and call for the price three or four days after, did not require payment at the time of delivery, but called in the evening of the day of the sale, and for several successive days, without obtaining payment. The agent suffered several weeks to elapse without making any attempt to secure the price, though he must have suspected that the debtor was in failing circumstances, and might have recovered the goods or secured the price. There was no proof that such an attempt would have been fruitless. In an action by the shipper to recover the price of the goods: *Held*, that defendant was responsible for the price, having failed to show due diligence to collect the debt.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Halsey* and *Britton*,.for the appellants. *Bradford*, for the defendants, cited 11 Mart. 636. 1 Pick. 342. Dunlap's Paley on Agency, 26, 27, and cases cited: The judgment of the court *(King*, J. absent,) was pronounced by

ROST, J. This action is brought to recover the proceeds of a sale of goods, sold on plaintiffs' account by the defendants, who are commission merchants. It is alleged in the petition, and admitted in the answer, that the goods were shipped to the defendants, to sell them for cash and remit the proceeds.

The defendants received the goods and sold them to *Bernard Donlin*, a person alleged to have been in fair credit at the time, and delivered them, without receiving or demanding the money. Six or seven weeks after the delivery, *Donlin* failed and absconded, leaving the debt unpaid; and the defendants, who are now sued for the amount, deny their liability, on the ground that the sale was made for cash, in *pursuance* of *instructions*, without guarantee on their part, and in the usual course of trade, to a person in fair credit at the time. They further allege that they acted with due caution and prudence, and, after the sale, used all due diligence to collect the price from *Donlin*, but without success. On this issue there was judgment in favor of the defendants, and the plaintiffs have appealed.

In support of the ground assumed by the defendants that they sold in the usual course of trade, they have introduced several witnesses, who testify that it is the universal usage in this city, in sales for cash, to deliver the goods, and to call for the money two, or three, or four days, or more after the delivery. Those witnesses also testify that when a merchant in this city sells for cash without charging the guarantee commission, he is not considered liable for the sale.

Supposing this usage to be binding upon the plaintiffs, we are still of opinion that the defendants have failed to show due diligence in their attempts to collect the debt. *Ludwigsen*, the former clerk of *Wood & Simmons*, testifies that he made the bill of the goods sold to *Donlin*, and wrote thereon the word cash. He took the bill to him in the afternoon of the day on which the sale was made, and called again the next day, or the day after, for the money. *Donlin* put him off for two or three days; witness called again on the day appointed, and was told to call the next day. Witness called the next day and on several successive days, and was again put off. *Donlin* did not deny that he had bought the goods for cash, but said he was rather short of money, and would pay it in a few days. The money was never collected, and more than six weeks after the delivery of the goods *Donlin* failed, and absconded.

The conduct of *Donlin*, when first called upon by the defendants' clerk, was such as should have put them upon enquiry as to his circumstances. Had they made diligent enquiry, they would have ascertained that, before he absconded, two of the sheriffs of New Orleans had writs against him, and were executing them, and by prompt action they might have recovered the goods or secured the price. They suffered several weeks to elapse without making any attempt to secure the claim, when they should have known, and must have suspected, that

MONTGOMERY   *Donlin* was in failing circumstances; and they have adduced no evidence to prove
*v.*
WOOD.   that any such attempt on their part would have been fruitless.

In the case cited by the defendants (1 Pick. 342), the circumstances were much less calculated to alarm the agent than those presented here. It is also worthy of remark that the court there considered that, to retake possession of the goods would have had the effect of cancelling the sale, and thus the principals might have suffered by a falling market; and it was thought to be a proper subject for the agent's discretion, under the circumstances, whether he would take that risk. But, under our law, which confers the vendor's privilege, the seller may have the benefit of seizing the goods by judicial process and applying them to his debt, without rescinding the contract, but still holding the vendor personally bound for the price.

The plaintiffs are entitled to a judgment. It is therefore ordered that the judgment in this case be reversed, and that there be judgment in favor of the plaintiffs, and against the defendant *Lorenzo D. C. Woods*, who has alone been cited, for the sum of three hundred and seventeen dollars and fifty cents, with legal interest from the 23d May, 1846, till paid, and costs in both courts.