CUILLÉ
*v.*
GASSEN.

---

JAMES B. WILLIAMS and JOSEPH SHEPHERD *v.* ASA PAYSON et al.

No pre-existing commission of Branch Pilot for the port of New Orleans, is vacated by the Act of the 15th of March, 1857, entitled "an Act relative to Pilots," until the Governor has complied with the provision of the second section of the Act, and fixed, by proclamation, the number of Pilots for the port of New Orleans, and appointed the number so fixed, from among the commissioned Branch Pilots, as required by the Act.

Section 15th of this Act is declared unconstitutional, as it relates to an object not expressed in the title. When the title of an Act is simple, all those sections which are covered by it, fulfill the requirements of Article 115 of the Constitution ; and only those portions are held to be void for unconstitutionality, which are not covered by the title.

APPEAL from the District Court of the Parish of Plaquemines, *Foulhouze,* J. G. L. Bright and *Moïse & Randolph,* for plaintiffs. C. *Roselius* and *Collens & Wooldridge,* for defendants and appellants.

BUCHANAN, J. The plaintiffs aver in their petition that they have been commissioned as Pilots for the port of New Orleans, under the Act of March 13th, 1857, entitled "an Act relative to Pilots." That the defendants, who have not been appointed Pilots under that law, are performing the duties and receiving the emoluments of Pilots, to the prejudice of petitioners. They pray for an injunction to restrain defendants from piloting vessels over the bar at the different mouths of the Mississippi river.

The defendants, in their answer, styling themselves Branch Pilots of the port of New Orleans, plead a general denial ; and further plead, that the petition discloses no cause of action.

WILLIAMS
*v.*
PAYSON.

There can be no doubt that an injunction is a proper remedy to prevent a person from doing an act which may be injurious to another, or which impairs a right claimed by that other. C. P. 296.

The occupation of a Pilot for the port of New Orleans, is lucrative, and is restricted by law to persons specially designated by the Governor of the State. It is, therefore, evident, that the exercise of this business by a person not legally appointed, may be prejudicial to each and every one who is so appointed. The petition, therefore, discloses a sufficient cause of action.

Upon the merits, we are of opinion that the plaintiffs have failed to make out their case. For a proper understanding of the subject, it is necessary to take a connected view of the several Acts of the Legislature in relation to Pilots.

By the Act of the 13th of March, 1837, (Session Acts, p. 101,) the Governor was authorized to appoint as many persons to be Branch Pilots for the port of New Orleans, as he may deem necessary, not exceeding fifty in number, including those already appointed.

By the Act of 15th of March, 1855, " relative to Pilots," (Session Acts, page 372,) the number of Branch Pilots for the port of New Orleans, was increased; the Governor being directed to appoint not less than sixty-five, nor more than seventy-five such Branch Pilots.

The last Act on the subject is that of the 13th of March, 1857. Session Acts, page 88.

The first section of that Act repeals the Act " relative to Pilots," approved March 15th, 1855.

The second section enacts that " it shall be the duty of the Governor to appoint from among the present Branch Pilots of the port of New Orleans, such a number of Pilots as the interest of commerce may demand, and from time to time hereafter increase the same, should an increase be deemed by him important." All of the defendants were Branch Pilots of the port of New Orleans at the time this Act of the Legislature was passed. The plaintiffs were also Branch Pilots at the same time ; and it is shown that they (the plaintiffs) have received from the Governor new commissions since the passage of the law. It is also admitted that defendants and appellants have not received such new appointments. From this state of facts, it is argued that the defendants are out of office. But this does not appear necessarily to follow from the terms of the Act under the evidence before us.

The repeal of the Statute of 1855, expressed in the first section, if unexplained by the context, would probably have abolished the office of Branch Pilot *in toto*, with all its emoluments and responsibilities, and consequently have vacated all the commissions of the Branch Pilots in office, under that Act. But the second section qualifies the first, and distinctly recognizes the continued existence of the office, until the Governor shall have performed the " duty" imposed upon him by the said second section. See State Const. 125 ; Acts 1855, p. 350, sec. 2 ; Rev. Stat. p. 395 ; *Holmes* v. *Wiltz,* 11 An. 439.

What was that duty ?

To appoint (from among *the present* Branch Pilots of the port of New Orleans) such a number of Pilots as the interest of commerce may demand. Has the Governor yet performed that duty ? There is no proof before us that he has done so. It is proved, indeed, that the two plaintiffs, *Williams* and *Shepherd,* have been commissioned since the Act of 1857 went into operation ; and we may infer from the testimony, that an indefinite number of other persons,

whose names are not given, have been similarly commissioned. But this showing is immaterial to the issue, which is, whether or not the defendants are out of office. The Act of 1837, as we have seen, fixed the number of Branch Pilots at fifty. The Act of 1855 increased that number to a minimum of sixty-five and a maximum of seventy-five. The Act of 1857 left it to the Governor to fix the number of Pilots according to his views of the exigencies of the commerce of this port; and after so fixing the number, the Governor was further authorized to increase (not to diminish) that number, from time to time, should an increase be deemed by him important. There is no evidence in the record, direct or indirect, that the Governor has ever determined, under this law, what number of Pilots for the port of New Orleans, is required by the interests of commerce.. Whenever he shall do so, should the number determined to be necessary fall short of the number of Branch Pilots in commission, when the Act of 1857 was passed, the new appointments made, which fill up the number thus determined, will necessarily have the effect of vacating all old commissions beyond that number. But until the Governor has performed his duty of fixing the number of Pilots under the new law, which we think should be done by proclamation, it cannot be said that any preëxisting commission of Branch Pilot is vacated; because it cannot be known, that there is any reduction in the number of Pilots for the port, below that fixed by the law of 1855; and because the Governor was bound by the law to make the new appointments within the existing corps of Branch Pilots.

The learned counsel of defendants has argued, that the law of March 13, 1857, violates the Article 115 of the State Constitution, because the section 15th of the law relates to an object not expressed in the title. The title of the law is " an Act relative to Pilots." The 15th section relates to salvage on cables and anchors taken up by any person in the river Mississippi. This seems, in fact, entirely foreign to the object specified in the title of the Act. But the whole Act is not thereby rendered void.

When the title of the Act is simple, as in this case, all those sections which are covered by the title, fulfill the Article of the Constitution, and only those portions are held to be void for unconstitutionality which are not covered by the title. *State* v. *Harrison*, 11 An. 722.

Judgment reversed; injunction dissolved; and judgment against plaintiffs, as in case of nonsuit; plaintiffs and appellees to pay costs in both courts.

---

### SAME CASE—ON RE-HEARING.

BUCHANAN, J. In refusing the re-hearing in this case, it has been deemed by the court proper to give an explanation of a matter of fact.

It is incorrectly stated in the petition for re-hearing, that there is no proof in the record that *Falcony* and *George Chism* were ever Branch Pilots. See particularly testimony of *Francis Williams, Hinton* and *Arroyo*.

Besides, the brief of plaintiffs' counsel, filed in argument, admitted (p. 2) that all the defendants had been commissioned Branch Pilots previous to the Act of of 1857.

Re-hearing refused.