THE CITY OF NEW ORLEANS v. THE MECHANICS' AND TRADERS' BANK.

The Act of the Legislature requiring the City Council to pass an ordinance levying a special Railroad Tax in the month of January of each year, is merely directory as to the time, and such ordinance is valid, although passed at a later period.

The Act of the 20th March, 1856, was not intented to repeal the Act of the day previous, they can be construed together.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Laville & Morel* and *Hunt & Denègre*, for appellant. *L. Pierce*, for defendant and appellee.

MERRICK, C. J. This case cannot be distinguished from the case of the same plaintiffs against the Southern Bank of New Orleans, just decided, ante p. 89.

There are, however, one or two points in the briefs of the learned counsel for the defendant, which require notice. He urges that the ordinance of 23d of February is void, because not passed in January, as directed by the 117th section of the Act. In answer to this objection, the statute has not pronounced this penalty. On the contrary, all other ordinances passed by the Council, except one, are declared invalid until this particular ordinance in question shall have been passed. And the obvious meaning of the law is to compel the Council to make provision to pay the interest upon the railroad bonds before any other business should be transacted. It would be strange, if a law passed for the purpose of protecting the credit of the city should, by reason of its commanding a thing to be done at once, be defeated because any obstacle had interposed to prevent its accomplishment so soon as contemplated. It is obvious that the Legislature did not intend to make void the ordinance if passed in February, because it declares all other ordinances which shall be passed after the first day of January of each year, and before this ordinance, void. And the construction contended for would render void all municipal legislation, if by any accident this particular ordinance should not be passed in January of each year.

Again, it is urged that the tax did not become due until after the 19th day of March, 1857, and consequently, the taking effect of the repealing law.

If there be anything in the objection, the answer is in the fact that the special Railroad Tax was payable the first day of March. See sec. 106, amended in 1858, p. 1.

It is also urged that the ordinance of 23d February, 1857, was not intended to include the capital of the banks, because it is assumed they were never assessed. The contrary, however, appears to be the fact, for the supplemental assessment would have been unnecessary had capital of bank been embraced in the first.

Again, if the 7th section of the Act of 1850, p. 139, be considered as still in force, it cannot affect the present question, because it is made the duty of the Council to pass an ordinance for the purpose of levying a special railroad tax at the session in January. See sec. 117.

There is no reason to suppose that the Act of 20th March was intended to repeal the Act of the day preceding, viz, 19th of March, 1856. They can be construed together, and are parts of the system then in the mind of the law-giver.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and it is now ordered, adjudged and decreed, that the plaintiff do recover and have judgment against the said Mechanics' and Traders' Bank, for the sum of two thousand two hundred and eight dollars, with interest thereon at the rate of one per cent. per month from the 1st day of June, 1857, until paid ; and that said defendant pay the costs of both courts.

BUCHANAN, J., dissents in part, for reasons given in *City* v. *Southern Bank,* ante p. 92.