State of Louisiana vs. Exnicios.

## No. 8104.

### STATE OF LOUISIANA VS. JOHN P. EXNICIOS.

A Statute is not unconstitutional as a whole, under the Constitution of 1868, because all its objects are not expressed in its title. Those parts of the law, which are indicated by the title, must stand, while only those not so indicated will fall, unless they are so interwoven with, and dependent upon, each other, that they cannot be separated.

Act No. 42 of 1871, providing for the punishment of "any officer or *other person*, charged with the collection, receipt, safe-keeping, etc., of public money, who shall convert it to his own use, etc.," clearly covers the case of a clerk of the Administrator of Finance of the City of New-Orleans, guilty of such an act.

APPEAL from the Criminal District Court, parish of Orleans. *Luzenberg,* J.

*Wm. L. Thompson* for Defendant and Appellant:

First—Act No 42 of the State of Louisiana, passed in the year 1871, under which this prosecution is based, is unconstitutional, because it does not express its objects in its title.

Second—That if said act be declared constitutional, it is not applicable to accused, hence, any conviction under said act is null and void.

*J. C. Egan,* Attorney General, for the State, Appellee:

First—The constitutional provision directing and requiring that the object or objects of the statute shall be expressed in the title, does not require that all the details and provisions of the statute should be expressed or referred to in the title. 28 An. 38.

The opinion of the Court was delivered by

FENNER, J. The only errors assigned in this case appear from a motion in arrest of judgment, made in behalf of defendant, on the following grounds, viz:

First. That act No. 42 of 1871 is unconstitutional because said act does not contain in its title the object of said act, nor does its title mention or attach any responsibility to clerks whose duties are ministerial.

Second. That defendant was not an officer known to the law, and charged by law with the collection of taxes.

Third. That defendant was only a clerk employed by the Administrator of Finance of the City of New Orleans, and that Act 42 applies only to offiers charged by law with the collection of taxes, and not their clerks or subordinate agents.

Fourth. That the Administrator of Finance was the sole lawful agent of the city to collect and receive its revenues, and could not delegate its power to others, and thus cause responsibility under the law to attach to them.

Act No. 42 of 1871 was passed under the régime of the Constitution of 1868, which, while requiring that " every law shall express its object

or objects in its title," contains no inhibition against the inclusion of several objects in the same law, provided they be expressed in the title.

The title of this act, under the broadest division, contains at least twelve distinctly expressed and different objects. The act itself contains no less than one hundred and three sections, which have reference, some to one, some to another, of the objects expressed in the title.

It is settled, beyond dispute, that in the application of this constitutional provision, those parts of the law which are indicated by the title must stand, while only those, not so indicated, will fall, unless they are so interwoven with, and dependent upon, each other, that they cannot be separated.

Cooley Const. Lim. 4th ed. p. 181.

It may well be doubted whether a pleading, based on the broad charge that such an act as this, containing a multiplicity of objects in its title and of provisions in its body, is unconstitutional, without specification of any particular provision intended to be assailed, could form a proper basis for any judicial inquiry or determination.

It is manifest, at a glance, that the allegation is not true as pleaded, because the act is not unconstitutional, though some particular provision thereof may be.

Waiving this objection, however, in this case, we find from the brief of counsel that his objections to the constitutionality of the act, as well as we can understand them, are directed against section 90 of the act, and are twofold, viz:

First. That the object expressed in the title, viz: "To punish certain crimes and misdemeanors," does not express the persons or class of persons who are to be punished therefor, and is, therefore, insufficient to cover the designation of such offenders in the body of the act.

The objection can hardly be seriously considered. It is obvious that "crimes and misdemeanors" can only be committed by *persons*, and that persons only can be punished for the commission thereof. Certain persons, or persons occupying certain relations, can alone commit certain crimes. Only persons entrusted with the money of another can commit the crime of embezzlement.

The crime defined in section 90 of the act under consideration is the embezzlement of public funds, and it can only be committed by " officers or other persons " charged *in some manner with the collection or custody* of such funds. In defining and punishing the crime, it was necessary to designate how and by whom the crime might be committed, and such designation is aptly covered by the title.

Second. It is objected that in a certain part of the section provision is made as to what facts shall constitute "*primâ facie* evidence" of the crime; and that such provision is not covered by the title.

There is no occasion to pass upon this constitutional question in the present case. Even if this provision as to evidence were held to be unconstitutional, it would not affect the validity of the remaining portions of the section. Nothing in the record informs us that this rule of evidence was applied in the instant case. Had it appeared that the judge had charged the jury that the facts stated in the act constituted *primâ facie* evidence of guilt, and had a bill of exception been properly taken to such charge, we might have examined this question; but no foundation for its examination is laid here.

So much for the objections to the constitutionality of the law.

The other grounds for arrest of judgment are comprised in the proposition that, not being a statutory officer, but acting only as a clerk employed by such an officer, he is not covered by the provisions of the act. The act provides that "if any officer *or other person*, charged with the collection, receipt, safe keeping, etc., of public money, or any part thereof, shall to fail pay over the same according to law, or shall convert to his own use, etc."

It is impossible to explain the use of the words "or other person," not once only, but several times, upon the theory that the act was intended to apply to "officers" only.

The law-maker unquestionably had in view the self-evident fact that officers charged with the collection of taxes could not perform their functions without necessarily delegating some of their duties to subordinate agents; and it was the intention to prevent, and punish, the embezzlement of public funds by such employees as well as by the officers themselves.

The case of defendant is covered by the letter and clear meaning of the law.

The judgment appealed from is, therefore, affirmed.

Rehearing refused.