(72 South. 188)

No. 21171.

STATE v. JOSEPH.

In re JOSEPH.

(June 6, 1916.)

*(Syllabus by the Court.)*

STATUTES  ⟪283(2)⟫—ENACTMENT—PRESUMPTIONS.

The silence of the journals of the House and Senate of the General Assembly of 1886, as to the reading of Act No. 18 of that year, commonly called the Sunday Law, does not prove that said act was not read in the manner and form prescribed by the Constitution of 1879. The presumption is that said statute was properly enacted.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 382; Dec. Dig. ⟪283(2).⟫]

Salem Joseph was convicted of violating the Sunday Law, and applies for writs of certiorari and prohibition. Reversed and remanded.

Foster, Looney & Wilkinson, of Shreveport, for relator. R. G. Pleasant, Atty. Gen., Wm. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. Separate informations based upon the same state of facts were filed

against the defendant, one charging him with violating the Sunday Law (Act 18, p. 28 of 1886), and the other with selling intoxicating liquors without a license in the prohibition parish of Caddo. The last case came before this court on appeal and bears docket No. 21201; and the judgment therein was reversed and the cause remanded for a new trial because the trial judge ruled out certain cross-questions propounded by the defendant to a leading state witness. See State v. Joseph, 137 La. 52, 68 South. 211.

In the case now before the court, the defendant moved to quash the information on the ground that Act 18 of 1886, commonly called the Sunday Law, is unconstitutional, null, and void for the reason that it was never read in full in the lower house of the General Assembly, and was never read in full in the Senate as required by article 37 of the Constitution of 1879.

This motion was overruled, and the defendant reserved his bill, which was presented to and signed by the judge. The said bill reads:

"That the defendant having been convicted of violating the Sunday Law, as per Act 18 of 1886, filed a motion for a new trial, as will appear by said motion, hereto annexed and made part hereof, and which motion being overruled, defendant duly excepted and presents this, his formal bill of exception, etc."

Defendant then filed a motion in arrest of judgment on the same grounds of unconstitutionality of Act No. 18 of 1886, and the same kind of bill was taken. The record of the suit does not show that any evidence was offered on the trial of the said motions, although the relator alleges that certain pages of the House Journal and of the Senate Journal were offered in evidence. It has been held that courts will take judicial cognizance of the official journals of the houses of the General Assembly. See Sheriff and Tax Collector v. Gall & Pharr, 43 La. Ann. 959, 10 South. 5.

The Constitution of 1879 (article 28) provides that:

"Each house shall keep a journal of its proceedings, and cause the same to be published * * * after the close of the session."

Article 34 provides that:

"The yeas and nays on any question * * * shall, at the desire of one-fifth of the members elected, be entered on the journal."

Article 37 reads:

"Every bill shall be read on three different days in each house, and no bill shall be considered for final passage unless it has been read once in full, and the same has been reported on by a committee. Nor shall any bill become a law unless, on its final passage, the vote be taken by yeas and nays, the names of the members voting for or against the same be entered on the journal, and a majority of the members elected to each house be recorded thereon as voting in its favor."

Article 38 requires votes on amendments to bills by the other house, and on reports of conference committees, to be taken by yeas and nays, and entered upon the journal. Article 39 reads in part as follows:

"Whenever a bill that has been passed by both houses has been enrolled and placed in possession of the house in which it originated the title shall be read, and, at the request of any five members, the bill shall be read in full, when the Speaker of the House of Representatives, or the President of the Senate, as the case may be, shall act at once, sign it in open house, and the fact of signing shall be noted on the journal."

The general rule of construction of such provisions has been succinctly stated as follows:

"Unless expressly so stated the journal is not required to show that a bill was read at the times and in the manner required by the Constitution." 36 Cyc. p. 950, note 98.

Among the cases cited in the note is Illinois v. Illinois Central R. Co. (C. C.) 33 Fed. 730, affirmed in 146 U. S. 387, 13 Sup. Ct. 110, 36 L. Ed. 1018. The opinion in the circuit court was written by Harlan, Justice, who cited several Illinois cases, from one of which he made the following extract:

"But, where the Constitution is silent as to whether a particular act which is required to be performed shall be entered on the journals, it is then left to the discretion of either house to enter it or not; and the silence of the journal on the subject ought not to be held to afford

evidence that the act was not done. In such a case we must presume it was done, unless the journal affirmatively shows it was not done."

After citing a number of cases from Illinois and other states, the court said:

"We therefore hold that the mere silence of the Senate Journal as to whether the act of 1869 was read the second time in that body does not justify us in holding it to be invalid."

This doctrine was quoted with approval in Hollingsworth v. Tax Collector, 45 La. Ann. 232, 12 South. 1, and that case was cited with approval in State ex rel. Caillouet v. Laiche, 105 La. 87, 29 South. 700.

Our conclusion is that the journals in question do not prove that Act 18 of 1886 was not read as averred in the motions of the defendant, and that said motions were therefore properly overruled. But for the reasons stated in State v. Joseph, 137 La. 52, 68 South. 211, the judgment must be reversed.

It is therefore ordered and decreed that the rulings below sustaining the constitutionality of Act No. 18 of 1886, commonly called the Sunday Law, be affirmed, but, for errors in the matter of evidence, it is ordered that the judgment below be reversed, and this cause be remanded to the district court for further proceedings according to law.