(72 South. 374)

No. 21949.

TOWN OF DE RIDDER v. HEAD.

(June 30, 1916.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS ⚞100 — ORDINANCES—ENACTMENT.

Section 33 of Act No. 136 of 1898, provides that "all ordinances shall be read and considered by sections at a public meeting of the mayor and board of aldermen, and the vote on their final passage shall be taken by 'yeas' and 'nays,'

which shall be entered on the minutes by the clerk."

Where the minutes only recite that a certain ordinance "was read and adopted by sections," *held*, that the same never acquired the force and effect of a municipal law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 213–218; Dec. Dig. ☜100.]

*(Additional Syllabus by Editorial Staff.)*

2. COURTS ☜224(6)—JURISDICTION—NATURE OF ISSUES.

Under the express provisions of Const. art. 85, the fact the constitutionality or legality of a fine imposed by the municipal corporation is in contestation gives the Supreme Court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 609; Dec. Dig. ☜224(6).]

Appeal from Mayor's Court, Town of De Ridder; J. M. Cox, Mayor.

H. H. Head was convicted of violating an ordinance of the town of De Ridder, and appeals. Reversed, and defendant discharged without day.

Robert J. O'Neal, of Leesville, for appellant. Stewart & Powell, of De Ridder, for appellee.

LAND, J. Defendant was charged on affidavit with having constructed frame buildings within the residential district in the corporate limits of the town of De Ridder, without first obtaining building permits from the inspector of buildings, etc., contrary to the form of the ordinances of said town.

Defendant moved the court to quash the affidavit on 10 different grounds of unconstitutionality. This motion was heard and overruled, and the defendant pleaded not guilty.

The case was tried and the defendant was found guilty. Defendant then filed a motion in arrest which was heard and overruled, and thereupon the defendant was sentenced to pay a fine of $50 and $1 cost, and in default of the payment of fine and cost to be incarcerated in the town lockup for a period of 25 days subject to work on the streets of said town. Defendant appealed to this court.

#### On Motion to Dismiss Appeal.

[2] Plaintiff has moved to dismiss the appeal for want of jurisdiction in this court to hear and determine this cause. It is plain enough that the constitutionality or legality of a fine imposed by a municipal corporation is in contestation. This suffices to vest this court with jurisdiction. Const. art. 85. Motion overruled.

#### On the Merits.

[1] The Constitution does not prescribe the forms and conditions of municipal legislation, but they are prescribed in section 33 of Act No. 136 of 1898, known as the Lawrason Act, which reads in part as follows:

"All ordinances shall be read and considered by sections at a public meeting of the mayor and board of aldermen, and the vote on their final passage shall be taken by 'yeas' and 'nays,' which shall be entered on the minutes by the clerk."

The statement of facts contains the following admission:

"That the minute entry of the passage of Ordinance No. 156 is: 'Upon motion and second Ordinance No. 156, being an ordinance providing for building inspector, fire limits, etc., was read and adopted by sections.'"

It is clear that the mandatory directions quoted supra were disregarded, and that the said ordinance was never passed as required by section 33 of Act No. 136 of 1898. The purported ordinance, therefore, occupies the position of a projet, which never acquired the force and effect of a municipal law.

It is unnecessary to consider the other grounds of alleged unconstitutionality.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the motion to quash be sustained and that the defendant be discharged without day.