(73 South. 862)

No. 22266.

TOWN OF RUSTON v. LEWIS.

(Jan. 15, 1917.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ⬡⟾100, 122(2) — ADOPTION OF ORDINANCE—PRESUMPTION.

Where the minutes of a town council show that an ordinance was adopted by a vote of "yeas" and the "nays," their silence as to other formalities, not required by the statute to be entered on the minutes, does not prove that such formalities were not observed; but, on the contrary, the presumption is that the ordinance was properly enacted. State v. Joseph, 139 La. 734, 72 South. 188, reaffirmed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 213–218, 284–286; Dec. Dig. ⬡⟾100, 122(2).]

Monroe, C. J., dissenting.

Appeal from Mayor's Court, Town of Ruston; J. M. Sims, Mayor.

Jim Lewis was convicted of keeping a blind tiger within the town of Ruston, and he appeals. Affirmed.

Price & Price, of Ruston, for appellant.

LAND, J. Defendant was charged on affidavit with keeping a blind tiger within the limits of the town of Ruston.

Defendant waived arraignment, pleaded not guilty, the case was tried, and judgment deferred. Defendant thereupon filed a motion to quash, which was overruled. Then the case was taken up, the defendant was adjudged guilty, and sentenced to pay a fine of $50 and to serve 30 days in jail, and in default of the payment of the fine to be imprisoned 30 days additional.

The defendant thereupon appealed to the Supreme Court.

The motion to quash is based on averments that Ordinance No. 137 "was not read, passed and adopted and voted on by sections as required by law"; "was not passed and promulgated as required by Act 136 of 1898."

On the trial of the motion Ordinance No. 137 as passed and the minutes of the council were considered as filed in evidence.

Defendant was granted also an appeal to the district court for the parish of Lincoln.

Defendant has made no appearance in the Supreme Court.

Act 136 of 1898, § 33, reads in part as follows:

"All ordinances shall be read and considered by sections at a public meeting of the mayor and board of aldermen, and the final passage shall be taken by 'yeas' and 'nays' which shall be entered on the minutes by the clerk."

In this case the minutes read:

"Ordinance No. 137 was adopted by the following vote on this Sept. 7, 1915: Ayes—J. H. Mays, G. M. Lomax, E. S. Kidd, W. E. Upchurch, and J. L. Bond; Nays—none."

The minutes are silent as to other formalities, but such silence does not prove that the ordinance was not read and considered by sections as directed by section 33 of Act 136 of 1898. The presumption is that the ordinance was properly enacted. State v. Joseph, 139 La. 734, 72 South. 188.

In Town of De Ridder v. Head, 139 La. 840, 72 South. 374, the minutes failed to show that the vote on the final passage was taken by "yeas" and "nays."

The judgment appealed from is therefore affirmed.

MONROE, C. J., dissents.