(76 South. 719)

No. 22654.

TOWN OF RUSTON v. DEWEY.

(Oct. 29, 1917.)

*(Syllabus by the Court.)*

1. MUNICIPAL CORPORATIONS ⚖➤112(1)—ORDINANCES—SUBJECT AND TITLE.
  The provision of section 33, Act No. 136 of 1898, requiring that a town ordinance shall not contain more than one subject, which shall be clearly expressed in its title, should be given a broad and extended meaning, so as to allow a municipal council full scope to include in one ordinance all matters having a logical or natural connection.

*(Additional Syllabus by Editorial Staff.)*

2. MUNICIPAL CORPORATIONS ⚖➤112(1)—STATUTES — "SUBJECT" — "OBJECT" — CONSTITUTIONAL AND STATUTORY PROVISIONS.
  Under section 33, Act No. 136 of 1898, relating to the subject and title of town ordinances, the word "subject" means "subject-matter," as distinguished from Const. art. 3, relating to the object and title of statutes, wherein "object" means purpose (citing Words and Phrases, Second Series, Subject; see, also, Words and Phrases, First and Second Series, Object).

Appeal from Mayor's Court, Town of Ruston; R. M. Gill, Mayor.

Robert Dewey was charged with a violation of an ordinance of the Town of Ruston, his motion to quash was overruled, he was convicted, and appeals. Judgment on motion to quash affirmed.

T. S. Price and C. B. Roberts, both of Ruston (Friedrichs, Moise, Barksdale & Barksdale, of New Orleans, of counsel), for appellant. H. B. Warren, of Ruston, for appellee.

LECHE, J. Defendant was charged with violation of Ordinance No. 19 of the town of Ruston; he was tried in the mayor's court, was found guilty, and sentenced to pay a fine of $50, and to serve 30 days in jail, and in default of payment of the fine, to serve 30 additional days in jail.

The ordinance under which he was prosecuted and tried is entitled:

"Ordinance No. 19. For the suppression of retailing of spirituous and intoxicating liquors and promting its sale by principals, resident agents or drummers and suppression of tippling shops and fixing penalties."

This literal transcription from the record clearly shows a clerical or typographical error in the word "promting," which is meaningless, and our opinion is that the word contained in the ordinance and intended to be copied was "promoting," thus showing a title meaning that the ordinance was for the suppression of selling, etc., the suppression of promoting its sale, etc., and suppression of tippling shops, etc. The language used in the

title is neither artistic nor elegant, but that feature of it is not an issue in the case.

The body of the ordinance is in three sections, the first of which prohibits the sale of spirituous or intoxicating liquors, and the keeping of grog or tippling shops within the town of Ruston; the second prohibits the soliciting for the purchase or sale of intoxicating or spirituous liquors in less quantities than five gallons within the limits of the town of Ruston, by principals, drummers, or resident agents, said liquors to be shipped by express, regular freight or by vehicle; and the third declares that any person who shall allow others to congregate in a room or rooms in the premises under his control for the purpose of engaging in drinking intoxicating or spirituous liquors, or who shall allow them to congregate and drink intoxicating liquors on such premises or in such rooms, shall be guilty of maintaining a nuisance, etc.

The affidavit against defendant charged him with having on or about the 6th day of May, 1917, willfully violated the above ordinance by retailing spirituous and intoxicating liquors within the corporate limits of the town of Ruston.

Defendant moved to quash the charge on various grounds, only two of which under article 85 of the Constitution, which fixes the jurisdiction of this court, are reviewable by us, to wit:

First. That said Ordinance No. 19, under which defendant is charged, is unconstitutional, null and void, for the reason that said ordinance contains two objects in violation of section 33 of Act 136 of 1898 and the Constitution of Louisiana.

Second. That the said Ordinance No. 19 is unconstitutional, illegal, null, and void, for the reason that the same was not passed, read, and considered by sections and voted on final passage, as required by section 33 of Act 136 of 1898, section by section.

The trial judge being of opinion that these objections were not well founded, overruled the motion to quash, proceeded to try the defendant, with the result herein already stated. Defendant then took the present appeal.

Opinion.

[1, 2] The provision in section 33 of Act 136 of 1898, pertinent to defendant's first ground of defense, reads as follows:

"An ordinance shall not contain more than one subject, which shall be clearly expressed in its title."

We know of no adjudication by this court, nor has any decision been pointed out to us, interpreting this particular provision of the law, regulating the conduct of municipal corporations organized under that statute. Defendant invokes in aid of his position article 31 of the Constitution, which applies only to laws enacted by the General Assembly, and which reads as follows:

"Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

It must be noticed that the quoted provision of the statute of 1898 uses the word "subject," while in the article of the Constitution the word "object" is used. These two words sometimes convey the same meaning, but as applied in the quoted provisions of law, we incline to the opinion that the word "subject" means "subject-matter," while "object" according to the decisions in State v. De Hart, 109 La. 570, 33 South. 605, and State v. Ferguson, 104 La. 249, 28 South. 917, 81 Am. St. Rep. 123, is used in the sense of "purpose." In Words and Phrases, vol. 4, we find that the word "subject," as used in this connection, "is to be given a broad and extended meaning, so as to allow the Legislature full scope to include in one act all matters having a logical or natural connection. To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intend-

ment can be considered as having any legitimate connection with or relation to each other."

In the same volume we find that in the state of Texas it has been held that the word "subject" is broader than the word "object," and one subject may contain many objects.

Considering, then, that the subject-matter of Ordinance No. 19 of the town of Ruston relates exclusively to the suppression of the liquor business, and that although it deals with different aspects of that business, the offenses therein penalized are so closely related and connected with each other, the ordinance and its title cannot reasonably be said to violate the provision of section 33 of Act 136 of 1898.

But there is still another and perhaps a more cogent reason why the strict interpretation of article 31 of the Constitution should not be applied to the quoted provision of section 33, Act 136 of 1898. The chaotic conditions of legislation, as said by this court in Walker v. Caldwell, 4 La. Ann. 298, intended to be remedied by the constitutional article, can hardly be conceived as likely to arise in a municipal council, composed only of five to nine persons, with very limited legislative powers.

As to the second objection, raised in the motion to quash, this court held in the case of Town of Ruston v. Lewis, 140 La. 777, 73 South. 862, that where the minutes of a town council show that an ordinance was adopted by a "yea" and "nay" vote, their silence, as to other formalities not required by statute to be entered on the minutes, will not vitiate the ordinance, as there is a presumption that the ordinance was properly enacted. The ordinance in this case shows that it was adopted by a recorded yea and nay vote, and is therefore not amenable to the defendant's second objection.

For these reasons we hold the ordinance in question legal and valid, and affirm the judgment of the trial court on the motion to quash.