DAWKINS, J.
Plaintiff brought this suit to enjoin the sale of its property by the defendant for the general municipal taxes of the year 1915, upon the following grounds, to wit:
(1) Because the said tax was not levied at a regular meeting of the board of aldermen of said village, as provided by section 35 of Act 136 of 1898, under which defendant is chartered, but was levied at a special meeting of said board.
(2) In the alternative, if the ordinance levying said tax was not illegal for the reason just stated, it was void because not adopted by a yea and nay vote, as required by section 33 of said act.
(3) Further in the alternative, that the said action of the board of aldermen was illegal because of the failure to give the notice to the delinquent as required by the Constitution and laws of this state, and particularly sections 50 and 51 of said act (Act 170, Laws 1898).
(4) Also in the alternative, because the village was seeking to recover 2 per cent, per month interest upon the taxes claimed.
Defendant village admitted that the ordinance was not passed at a regular meeting, or adopted by a yea and nay vote, and averred that written notice of delinquency was given to plaintiff as required by law, but, of course, denied that the matters complained of rendered its action void, or entitled plaintiff to the writ.
After hearing the rule nisi was recalled, and the injunction denied at plaintiff’s cost.
From this judgment plaintiff appeals.
Opinion.
The important facts in this case are not disputed and the issues depend upon the question of whether the provisions of Act 136 of 1898 are mandatory or merely directory.
Should the revenue ordinance have been passed at. a regular meeting?
[1] The answer to this question depends upon what the intention of the Legislature was in writing the provision into the statute. Its words are:
“ * * * The mayor and board of aldermen shall levy the municipal taxes at the regular meeting in September of each year, or, in case of failure to do so, at any other regular meeting thereafter. * * * ”
This section also deals with the matter of copying the municipal assessment from the rolls of the parish, and empowers the municipality to increase or diminish the valuations at a regular or special meeting m September or October, provided certain notices are published, but, in so many words, provides that the revenue ordinance shall be adopted at a regular meeting. Logically, the specific selection of a regular meeting would indicate the intention to exclude action at a special meeting, unless, when construed with other provisions and on taking into consideration the objects and purposes of the law, it should be apparent that the clause was merely directory. The lawmaker evidently foresaw that circumstances might arise which would make it impracticable, if not impossible (such as the failure of the parish assessor to timely complete and file his rolls), to levy the tax at the regular meeting in September, and hence provided *193 that it might be done at any other regular meeting thereafter, thereby providing relief from such a contingency in a specific manner. Again, it might have been, and probably was, considered that a matter of so much importance as the annual municipal tax levy should not be handled hastily, but should come up at a regular meeting at which all members of the municipal board would likely be present; and, knowing that under the law the matter could not be considered at a special meeting, it might be that they would not feel so constrained to attend, as otherwise they would if they knew that a matter of such general public importance was to come up. Then, the public itself, being advised of the time or times when this matter would likely arise, might or might not feel impelled to attend such meetings and to wield a wholesome restraining influence upon its chosen officers in the exercising of the taxing power.
[2] Of course, such provisions will not be so construed as to prevent the municipality from realizing its necessary alimony.; yet laws governing the exercising of the taxing power are construed liberally in favor of the taxpayer, and any provision intended to safeguard his rights or to insure a proper administration of the taxing powers should be treated as mandatory. Cooley on Taxation (3d Ed.) vol. 1, p. 452 et seq.
Defendant has cited a number of authorities to the point that time is not of the essence of a statute requiring that assessments or tax levies shall be made by or within a given time. Among them we find the case of N. O. v. Bank, 15 La. Ann. 107. That was a case in which the statute provided that a certain ordinance to make provision for the payment of interest on railroad bonds should be passed in January of each year, and, the city not having done so until the 23d of February, it was contended that the power to act had been lost. However, the court found that all other ordinances of the city, with the exception of one, were declared to be invalid until the interest for the bonds was , provided, and held that, in the light of this requirement, it could not be said that the Legislature intended to deprive the municipality of the right to provide for its other needs because of its failure to pass timely the railroad ordinance, which was made a condition precedent, as above indicated; but that, under those conditions, it was evident that the provision mentioned was intended to be only directory. To the same effect are .the other cases which deal with the making and filing of assessments or the levying of revenue, taxes on or by certain dates.
In the present case no such condition exists; for the board of aldermen could, under the express provision of the statute, act at any regular meeting from the month of September on.
[3] Our conclusion is that the requirement that the revenue ordinance shall be adopted at a regular meeting was advisedly made, and that it could not be done in special meeting.
Did the ordinance require a yea and nay vote?
[4] This question we have answered in the affirmative in three well-considered recent cases, and we see no reason to change our views. Village of Elton v. Buttrell et al., 142 La. 1025, 78 South. 104; Town of De Ridder v. Head, 139 La. 840, 72 South. 374; Village of Marthaville v. Chambers, 135 La. 707, 66 South. 193.
[5] The record shows, in fact, the answer of the defendant avers, that since the filing of this suit for injunction the village of Duson has enacted another revenue ordinance for the year 1915 at a regular meeting of its board of aldermen. However, that proceeding was not attacked by the plaintiff, and its validity cannot be determined in this case. Evidently, if this suit *195 had not been filed, plaintiffs property would have been sold under tbe former ordinance, unless tbe taxes bad been páid.
We find it unnecessary to determine tbe other issues.
Por tbe reasons assigned, tbe judgment appealed from is annulled and reversed, and it is now ordered, adjudged, and decreed that tbe defendant be, and is hereby, perpetually enjoined from proceeding further with tbe advertisement and sale of plaintiffs property under tbe ordinance and tax levy of November 29, 1915; defendant to pay all costs.