No. 9846.

Orleans Appeal.

ESTATE OF L. R. SASSINOT v. A. S. DEMOURELLE, Appellant.

(November 17, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 49.**

When a third person enjoins the seizure and sale of a claim reduced to final judgment in a suit other than that in which the injunction has issued, it is the value of the seized judgment at time of the seizure, which determines the appellate jurisdiction over questions raised on appeal, and not the litigated amounts involved in either the suit under which the seizure was made or the suit from which the seized judgment arose.

2. **Louisiana Digest, Laws, Par. 16, 17.**

That portion of Act 128 of 1921 which relates to the practice in the City Courts of New Orleans, is not a local or special legislation within the purview of Article IV, Section 4, of the Constitution of 1921, and, moreover, the statute having been enacted in response to express power or authority conferred by Article VII, Section 27, of the Constitution, it is not amenable to the restrictions imposed by Article IV, Section 4.

3. **Louisiana Digest, Laws, Par. 27, 43.**

Nor is this a statute violative of Article III, Section 16, of the Constitution of 1921, which provides that every law shall embrace but one object and that shall be expressed in its title. If a part of the statute be broader than the single object expressed in its title, as to that object at least, it is constitutional.

Appeal from the First City Court of New Orleans, Division "A", Hon. Leon L. Labatt, Judge.

ON MOTION TO DISMISS APPEAL

Judgment for plaintiff. Defendant appealed.

Appeal dismissed.

F. F. Tessier, attorney for plaintiff and appellee.

J. Olin Chamberlain, attorney for defendant and appellant.

STATEMENT OF FACTS.

BELL, J. This case is before the court on appellee's timely motions to dismiss the appeal herein taken for the following reasons:

1. That said appeal has been taken more than ten days from the rendition of the judgment, in contravention to the provisions of Act 128 of 1921.

2. That appellant has acquiesced in the judgment from which he has appealed devolutively.

If the first of these grounds for dismissal be maintained, the second may be disregarded.

The intricate facts pertaining to the issues raised under the motions to dismiss we find to be as follows:

The Estate of L. R. Sassinot sued, in this present proceeding, A. S. Demourelle, on a note for One Hundred and Ninety-five and 80/100 Dollars ($195.80), with interest and attorney's fees. After service upon Demourelle, judgment was obtained against him by default. In executing this judgment, Sassinot caused to be seized all of the right, title and interest of Demourelle in the suit entitled Demourelle vs. Gussoni, No. 93,018 of the docket of the First City Court of New Orleans. On May 21, 1924, J. Olin Chamberlain, appellant in the proceeding now before us, claiming to own

an assignment from Demourelle of the latter's rights in said judgment, prayed for and obtained an injunction stopping the sale of the judgment seized.

On May 23, 1924, the Estate of Sassinot, in answering the petition for injunction, pleaded certain reasons for dismissal of the. injunction, which need not be here noted. On the same day, by the same party, a motion by rule for recall of the injunction was filed upon the following grounds:

1. That the surety on the injunction bond was insufficient.

2. That the petition for injunction disclosed no right or cause of action.

Mover accordingly prayed to recover damages as for attorney's fees to the extent of twenty per cent. on the value of the judgment in the proceedings under which execution had issued, to-wit: twenty per cent. on $235.01, or the sum of $47.00.

The first of the above exceptions does not appear by the record to have been passed upon by the trial court.

On June 11, 1924, the judgment now appealed from, and of which Chamberlain seems not to have been notified, was rendered as follows:

"JUDGMENT ON RULE TO DISSOLVE INJUNCTION.

"This matter having been argued, submitted and taken under advisement by the court, for the reasons this day orally assigned,

"It is ordered, adjudged and decreed that the rule filed herein by the Estate of Louis R. Sassinot to dissolve the injunction herein issued at the instance of J. Olin Chamberlain, be and it is hereby made absolute, and accordingly said injunction be and it is hereby dissolved, at the costs of the said J. Olin Chamberlain, with twenty per cent. damages on $235.01, or Forty-seven Dollars ($47.00), in solido, against J. Olin Chamberlain and Clancy A. Latham, surety on the injunction bond, in solido."

On June 18, 1924, another judgment on the second of the above exceptions was rendered as follows:

"The exception of no cause of action submitted to the court and taken under advisement. The court consider the exception to be well taken.

"It is ordered, adjudged and decreed that the exception of no cause of action filed by the defendant herein, Estate of Louis R. Sassinot, on May 23, 1924, be maintained, dismissing the suit of J. Olin Chamberlain as of non-suit. J. Olin Chamberlain to pay costs of suit."

On September 23, 1924, Chamberlain filed a new petition for injunction on the same allegations as those set out in the first injunction proceeding and on additional allegations.

On September 26, 1924, a devolutive appeal from the judgment of June 11, 1924, was granted, on motion of J. Olin Chamberlain, returnable to this court on October 6, 1924.

Appellee, Estate of L. R. Sassinot, has moved the dismissal of this appeal in two separate motions, wherein it is set forth as grounds for the dismissal, first, that the amount involved is over one hundred dollars, and that this fact is so, whether the judgment in this case be taken as a basis, or whether the judgment obtained by Demourelle against Gussoni, subsequently assigned to Chamberlain, be taken as a basis. It is, therefore, urged that inasmuch as the judgment appealed from involves an amount over one hundred dollars and not more than three hundred dollars, Act No. 128 of the General Assembly (Extra Session) of 1921 will govern, and that consequently the appeal is taken too late.

The second motion alleges acquiescence as the ground for dismissal.

Appellant, Chamberlain, answers the motions to dismiss by denying that he acquiesced in the judgment of June 11, 1924,

especially that part of the judgment award-
ing damages to appellee in the sum of
$47.00.   He further answers, denying that
the devolutive appeal as herein taken has
been taken too late.   By way of exception,
appellant pleads that neither the motion
to dismiss on the ground that the appeal
has been taken beyond the time allowed
under Act 128 of 1921, nor the motion to
dismiss on the ground of acquiescence, dis-
closes any right or cause of action.   It is
further pleaded by way of exception that
Act 128 of 1921 is violative of Article III,
Section 16, and Article IV, Section 4, of
the Constitution of 1921.

### OPINION.

In  considering  the  first  motion  herein
filed for dismissal of this appeal, in which
it is contended by mover or appellee, that
the appeal has been taken too late, within
the  provisions  of  Act  128  of  1921,  it  is
necessary at the outset to determine wheth-
er the appeal herein taken is from a judg-
ment  exceeding  one  hundred  dollars  and
not more than three hundred dollars.

The judgment of June 11, 1924, dismisses
the injunction proceedings which sought to
enjoin the seizure of the assigned judgment
in the case of Demourelle vs. Gussoni. The
value of this assigned judgment, at the time
of the seizure, amounted to $132.00, and we
are  of  the  opinion  that  the  value  of  this
seized judgment at the time of the seizure,
as  well  as  at  the  time  of  the  injunction
proceedings herein filed, determines the ap-
pellate  jurisdiction  of  this  court  over  the
questions  now  raised  by  the  motions  to
dismiss the appeal.  Our conclusions on this
point  are  based  upon  the  following  au-
thorities:

Testart vs. Belot, 32 Ann. 604.
Meyer, Weis & Co. vs. Logan et al., 33
La. Ann. 1055.
Wickham & Pendleton vs. Nalty, 42 Ann.
423.
Causin vs. St. Tammany Bank and Trust
Co., 146 La. 396.

In  the  first  of  the  above  cited  authorities,
Testart  vs.  Belot,  the  following  ruling  was
made on motion to dismiss appeal:

"It  is  well  settled  that,  where  a  third
person  enjoins  the  seizure  under  writs  of
*fi-fa* or seizure and sale issued against an-
other,  on  the  ground  that  the  property  be-
longs to him, the matter in dispute is the
property  and  the  ownership  thereof,  and
the  right  to  appeal  is  regulated  by  the
value thereof."

It  follows,  therefore,  that  Act  128  of
1921 is properly pleaded by mover herein,
as the law applicable to the contention that
the appeal has been taken too late, that is,
more than ten days, exclusive of Sundays,
from the rendition of the judgment.   The
statute in question reads as follows:

"An Act to regulate the practice in the
City Courts for the City of New Orleans,
and to carry into effect Sections 90, 91 and
92 of Article VII of the Constitution.

"Section 1.   Be it enacted by the Legis-
lature of Louisiana, that the manner and
form of proceedings before the City Courts
of this State in cities having over one hun-
dred thousand inhabitants, in cases where
said court has concurrent jurisdiction with
District Courts of all suits for moneyed de-
mands above one hundred dollars, and not
exceeding three hundred dollars, shall be
governed by the general laws regulating
proceedings before the District Courts, pro-
viding that delays for answering shall be
three days only, Sundays and holidays ex-
cluded,  that  all  exceptions  and  answers
must be filed at the same time, that no
preliminary default shall be necessary prior
to  judgment,  and  that  judgments  may  be
signed  immediately  after  rendition,  and
that there shall be no right to trial by jury
in such cases before said City Courts.   Ap-
peals shall be allowed, and be returnable
to the Court of Appeal, within ten days,
exclusive of Sundays, from the rendition of
the judgment, on giving bond, according to
law, in a sum exceeding by one-half the
amount of money judgments, in case of
suspensive appeal, and in a sum to be
fixed by the judge in case of devolutive ap-
peal, and other than money judgments; the
affidavit of the surety shall be sufficient,
without that of the principal as to his sol-
vency and residence.

"Section 2. That all laws or parts of laws in conflict herewith, be, and they are hereby repealed."

The record shows that the judgment appealed from was rendered on June 11, 1924, and that the devolutive appeal herein was taken on September 16, 1924.

Appellant pleads by way of exception to the motion to dismiss that the foregoing Act is unconstitutional, for the reason that it is violative of Article IV, Section 4, and Article III, Section 16, of the Constitution of 1921, and contends, if this be so, that the devolutive appeal herein could have been taken at any time within one year from the rendition of the judgment or its notification to him.

In our opinion, Act 128 of 1921 has restricted the time for all appeals, whether devolutive or suspensive, in cases mentioned in the Act, to ten days, exclusive of Sundays, from the rendition of the judgment.

Article IV, Section 4, of the Constitution of 1921 provides, as have previous Constitutions of this State, that the Legislature shall not pass any local or special law regulating the practice or jurisdiction of any court. It is contended by appellant that the statute in question is plainly a local or special law undertaking to regulate the practice to be observed in regard to cases arising in the City Courts of the City of New Orleans, and that to this extent it is violative of the Constitutional Article just noted. The question raised need not be further considered by us than to cite as our reasons for a contrary opinion against such contention, the case of Abry Brothers vs. E. M. Reynes et al., 8 Orl. App., page 140. The citations therein made of cases decided by the Supreme Court of this State in support of the ruling made by this court in Abry Bros. vs. Reynes, furnish full authority for our adherence in the instant case to our previous jurisprudence. It should be also noted that in the Abry case a writ was applied for and denied by the Supreme Court on March 1, 1911.

Article III, Section 16, of the Constitution of 1921 provides, as have previous Constitutions of this State, that every law enacted by the Legislature shall embrace but one object and shall have a title indicative of such object. It is contended by appellant that this prohibition nullifies the statute under consideration, for the reason that the title of Act 128 of 1921, while expressing as its single object the regulation of the practice in the City Courts for the City of New Orleans, it appears in the body of the Act to have an additional object, as expressed in Section 1 of the Act, to-wit:

"Section 1. Be it enacted by the Legislature of Louisiana, that the manner and form of proceedings before the City Courts of this State in cities having over one hundred thousand inhabitants, etc., * * * shall be governed by the general laws regulating proceedings before the District Court, etc. * * *"

In other words, that the Act, contrary to its title, has an object additional to that expressed in the title, to-wit: The regulation of practice in any City Courts of the State in cities having over one hundred thousand inhabitants.

It has been repeatedly held by the Supreme Court of the State that if a part of a statute be broader than the single object expressed in its title, such fact does not nullify the statute in *toto*, and that to the extent, at least, in which the single object is expressed in the title and set forth in the body of the Act, that said Act is constitutional.

In State of Louisiana vs. Crowley et al., 33 La. Ann. 783, it was held that a law may be broader than its title and not be unconstitutional; that such portions of the law as are not expressed in the title, are null

and void, and that the rest of the statute is valid.  In the cited case, it appears that Act 98 of 1880 provided for the establishment of a Criminal District Court for the Parish of Orleans, and in this Act one of its sections also provided for the selection and drawing of jurors for the trying of cases in the Civil District Courts.  Because of this additional purpose of the Act, expressed in its body and not provided in its title, it was contended that the Act was in violation of Article 29 of the Constitution of 1879, an Article similar, in fact, identical, to that of Article III, Section 16, of the present Constitution.  The court held that this would not render the entire Act unconstitutional, inasmuch as every other part or Section of the Act was covered by the title; that the only effect would be that this provision or Section, being foreign to the object expressed in the title, would be considered as not writen and void, but that the balance of the Act would stand impaired.  The court said:

"The charge is substantially that the Act itself is broader than its title.  This of itself does not destroy the entire Act. Cooley announces the rule of construction in such case to be as follows:  'But if the Act is broader than the title, it may happen that one part of it can stand, because indicated by the title, while as to the object not indicated by the title, it must fail. * * * If by striking from the Act all that relates to the object not indicated by the title, that which is left is complete in itself, sensible, capable of being executed and wholly independent of that which is rejected; it must be sustained as constitutional.'  Cooley Constitutional Limitations, p. 181; 22 La. Ann. 779."

In State vs. Ackerman, 51 La. Ann. 1217, 26 South. 80, the court held that Act 94 of 1896 did not embrace more than one object, within the meaning of Article 29 of 1879, and refused to hold said act unconstitutional because of the contention that the act embraced more than one object.  Montgomery vs. Wood, 4 La. Ann. 298; State vs

Harrison, 11 La. Ann. 722; Williams vs. Payson, 14 La. Ann. 7; State vs. Exnicios, 33 La. Ann. 253; State vs. Beeder, 44 La. Ann. 1013, 11 So. 816; State vs. Read, 49 La. Ann. 1535, 22 So. 761.

We are of the opinion that Act 128 of 1921 applies and governs the appeal herein taken, and that said Act is not unconstitutional for either of the reasons urged by appellant.

We are further of the opinion that applying the Act to the facts of this case, governing the practice regarding a devolutive appeal as herein taken, that said appeal has been lodged more than ten days from the rendition of the judgment appealed from, and for this reason the motions to dismiss the appeal should be maintained.

It is not necessary to consider the question of appellee's acquiescence in the judgment or any part of the judgment herein appealed from.

It is, therefore, ordered that the motion be maintained and that the appeal herein taken be dismissed at appellant's costs.