3 So.2d 559

**CITY OF NEW ORLEANS v. IMPASTATO.**

No. 36199.

June 30, 1941.

Francis P. Burns, City Atty., and Wm. Boizelle, Asst. City Atty., both of New Orleans (William C. Dufour and James J. Morrison, both of New Orleans, of counsel), for City of New Orleans, plaintiff and appellee.

Philip H. Giuffre, of New Orleans, for defendant and appellant.

McCALEB, Justice.

Joseph Impastato was convicted in the First Recorder's Court of New Orleans on a charge of violating Ordinance No. 14,538, Commission Council Series, as amended by Ordinance No. 15,085. Claiming that this ordinance is unconstitutional in that it is violative of the provisions of Section 22A of Article 14 of the Constitution and that the sentence imposed by the Recorder is therefore illegal and void, he has appealed directly to this Court under the authority granted by Article 7, Section 10, of the Constitution.

By Section 22A of Article 14, which was added to the Constitution by amendment adopted on November 3, 1936, the Commission Council of the City of New Orleans was authorized to create and organize a commission to be known as the Vieux Carre Commission, to be appointed by the Mayor of the City. It provides that the Commission shall have for its purpose the preservation of such buildings in the Vieux Carre section of the City of New Orleans as, in the opinion of the Commission, shall be deemed to have architectural and historical value "and which buildings should be preserved for the benefit of the people of the City of New Orleans and the State of Louisiana, and to that end the Commission shall be given such powers and duties as the Commission Council of the City of New Orleans shall deem fit and necessary." It further declares that:

"Hereafter and for the public welfare and in order that the quaint and distinctive character of the Vieux Carre section of the City of New Orleans may not be injuriously affected, and in order that the value to the community of those buildings having architectural and historical worth may not be impaired, and in order that a reasonable degree of control may be exercised over the architecture of private and semi-public buildings erected on or abutting the public streets of said Vieux Carre section, whenever any application is made for a permit for the erection of any new building or whenever any application is made for a permit for alterations or additions to any existing building, any portion of which is to front on any public street in the Vieux Carre section, the plans

therefor, so far as they relate to the appearance, color, texture of materials and architectural design of the exterior thereof shall be submitted, by the owner, to the Vieux Carre Commission and the said Commission shall report promptly to the Commission Council its recommendations, including such changes, if any, as in its judgment are necessary, and the said Commission Council shall take such action as shall, in its judgment, effect reasonable compliance with such recommendation, or to prevent any violation thereof.

"The Commission Council of the City of New Orleans may, by ordinance or otherwise, carry the above and foregoing provisions into effect."

In accordance with the authority granted to it by the foregoing constitutional provision, the City of New Orleans adopted Ordinance No. 14,538, which was later amended by Ordinance No. 15,085. These ordinances provided for the creation of a Commission for the Vieux Carre section of the City, designated the boundaries of that section, and further provided that, before any owner of property situated within the limits of that section should erect or alter any building fronting on any public street or alley, "application by the owner for a permit therefor shall be made to the Vieux Carre Commission, accompanied by the full plans and specifications thereof, so far as they relate to the proposed appearance, color, texture of materials and architectural design of the *exterior, including the front, sides, rear and roof,* of said building alterations or additions or of any outbuilding party wall court-

yard fence or other dependency thereof * * *". (Italics ours)

The defendant is the owner of a certain building on the corner of Chartres and St. Louis Streets in the Vieux Carre section of the City of New Orleans known as "The Napoleon House". In the rear of this building is a patio or courtyard which is connected with Chartres and St. Louis Streets by alleyways—one of which abuts St. Louis Street and the other Chartres Street. In the latter part of 1939, the defendant undertook to enlarge and reconstruct a small lavatory attached to the rear of his building which abutted the courtyard hereinabove referred to. Upon his failure to obtain a permit from the Vieux Carre Commission to perform this work, as required by the City ordinance, he was charged by affidavit in the Recorder's Court and, after a trial, was convicted of violating the ordinance and sentenced to pay a fine.

The sole contention of the defendant is that the City ordinance under which he was prosecuted is unconstitutional because it attempts to grant to the Vieux Carre Commission much broader powers, with respect to the erection and alteration of buildings, than were delegated to it by the constitutional amendment. The precise point is that, while the Constitution authorized the City of New Orleans to assume control of the Vieux Carre section, it limited its authority over the section in regard to the erection and alteration of buildings fronting on any public street by providing that it would be necessary to obtain a permit only in cases where the ex-

terior of the building was to be altered or rehabilitated. From this premise, it is argued that the City, in making it mandatory that a permit be applied for and obtained from the Commission before any alterations are made to the exterior, "including the front, sides, rear and roof of said building", assumed power not authorized by the Constitution and that, therefore, the ordinance in this respect is illegal, null and void.

 We are unable to discern merit in the defendant's contention. In the first place, a reading of the constitutional provision reveals a plain intention on the part of the people to delegate to the City of New Orleans, acting through a Commission to be known as the Vieux Carre Commission, full and complete authority with respect to the preservation of the architecture and the historic value of the buildings situated in the Vieux Carre section for it is declared that "to that end the Commission shall be given such powers and duties as the Commission Council of the City of New Orleans shall deem fit and necessary". This, we think, is sufficient to include all reasonable regulations made by the City respecting changes to be made to the outside of any building situated in the Vieux Carre section which fronts on a public street.

Moreover, the argument of the defendant that the alteration made by him in the rear of his building is not a change in the exterior of the structure does not impress us. The word "exterior", as applied to a building, clearly means all of the outer surfaces thereof as distinguished

from its interior or the portion enclosed by the outer surfaces. The alteration made by the defendant to the lavatory situated in the rear of his building abutting the courtyard constitutes a change to the exterior or outside thereof. The word "exterior" as used in the Constitution cannot be limited to include only the front portion of the building as contended for by defendant's counsel. Such a strained interpretation of the language employed in the constitutional amendment would merely serve to defeat the obvious intention of the people as expressed therein by rendering it impossible for the Commission to preserve the architectural design of the sides, rear and roof of any building in the Vieux Carre section.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

Affirmed.