5 So.2d 129

**CITY OF NEW ORLEANS v. PERGAMENT.**

No. 36335.

Nov. 3, 1941.

Rehearing Denied Dec. 1, 1941.

Francis P. Burns, City Atty., and William Boizelle, Asst. City Atty., both of New Orleans (William C. Dufour and Julius Katz, both of New Orleans, of counsel), for appellant.

Alvin N. Zander, of New Orleans, for appellee.

O'NIELL, Chief Justice.

The defendant has a gasoline filling station in the old section of New Orleans called the Vieux Carre. He was prosecuted in the recorder's court on a charge of violating a municipal ordinance, by displaying on his premises a large advertising sign without the permission of the Vieux Carre Commission, and contrary to the provisions of section 6 of Ordinance No. 14,-538 C.C.S., as amended by Ordinance No. 15,085 C.C.S. He filed a demurrer and motion to quash the affidavit, on the ground that the ordinance if applied to his place of business would be arbitrary, unreasonable and oppressive, and would deprive him of

his property without due process of law, and deny to him the equal protection of the laws. He pleaded also in his demurrer that the city had no authority to enact such an ordinance with reference to buildings like that in which he conducted his business, and particularly that such authority was not conferred by the constitutional amendment adopted pursuant to Act 139 of 1936, and designated as Section 22A of Article XIV of the Constitution. In this connection he avers that the only purpose of the amendment was to enable the municipal council to preserve for the public the architectural and historical worth of the ancient buildings in the Vieux Carre, and that his place of business, being a modern structure, having no architectural or historical worth, is not subject to the provisions of the constitutional amendment. The defendant pleaded also in his demurrer that the municipal ordinance violated the provision in section 33 of Act 136 of 1898 that "An ordinance shall not contain more than one subject".

The Recorder in whose court the prosecution was instituted withheld his judgment on the demurrer, or referred it to the merits of the case, as he expressed it, and after hearing the evidence sustained the demurrer and dismissed the prosecution. The city has appealed from the decision.

The constitutional amendment which was adopted pursuant to the provisions of Act 139 of 1936, and which is Section 22A of Article XIV of the Constitution, authorized the municipal council of New Orleans to establish the commission known as the Vieux Carre Commission, the members of which are appointed by the Mayor. The purpose of the amendment is stated in these three paragraphs:

"The said [Vieux Carre] Commission shall have for its purpose the preservation of such buildings in the Vieux Carre section of the City of New Orleans as, in the opinion of said Commission, shall be deemed to have architectural and historical value, and which buildings should be preserved for the benefit of the people of the City of New Orleans and the State of Louisiana, and to that end the Commission shall be given such powers and duties as the Commission Council of the City of New Orleans shall deem fit and necessary.

*　　*　　*　　*　　*

"Hereafter and for the public welfare and in order that the quaint and distinctive character of the Vieux Carre section of the City of New Orleans may not be injuriously affected, and in order that the value to the community of those buildings having architectural and historical worth may not be impaired, and in order that a reasonable degree of control may be exercised over the architecture of private and semi-public buildings erected on or abutting the public streets of said Vieux Carre section, whenever any application is made for a permit for the erection of any new building or whenever any application is made for a permit for alterations or additions to any existing building, any portion of which is to front on any public street in the Vieux Carre section, the plans therefor, so far as they relate to the appearance, color, texture of materials and architectural design of the exterior thereof shall be submitted, by the owner, to the Vieux Carre Commission

and the said Commission shall report promptly to the Commission Council its recommendations, including such changes, if any, as in its judgment are necessary, and the said Commission Council shall take such action as shall, in its judgment, effect reasonable compliance with such recommendation, or to prevent any violation thereof.

"The Commission Council of the City of New Orleans may, by ordinance or otherwise, carry the above and foregoing provisions into effect."

The Vieux Carre Commission was created by Ordinance No. 14,538 C.C.S., which was amended by Ordinance No. 15,085 C.C. S. The sixth section of the ordinance is the one which forbids the proprietor of any building in the Vieux Carre to maintain a display sign, or advertising sign, without first obtaining a permit from the Vieux Carre Commission. The ordinance prescribes the maximum size and the details of the various kinds of advertising signs which may be displayed. The maximum area of any sign or signboard allowed to be displayed in the Vieux Carre, according to the ordinance, is 8 square feet if only one side or surface of the sign is displayed, or 16 square feet if both sides are displayed. The sign or signboard which the defendant in this case is displaying in violation of the ordinance has an area of 560 square feet. The lower part of the sign measures 24 feet in width and 20 feet in height, above which is an extension 12 feet wide and having an area of 80 square feet. The size of the sign therefore is far above the ordinary, and above the maximum size allowed by

the ordinance. The defendant's offense is not only that he failed to obtain or apply for permission of the Vieux Carre Commission to erect the sign but also that the size of the sign exceeds the maximum size allowed by the ordinance, and hence could not be permitted by the commission.

The ordinance might be deemed violative of the equal protection clause in the Fourteenth Amendment if the ordinance undertook to confer upon the Vieux Carre Commission the authority to grant or withhold permits arbitrarily, or without prescribing uniform requirements or standards which all persons similarly situated should be obliged to comply with. But the ordinance does prescribe such uniform requirements or standards. And there is nothing arbitrary or discriminating in forbidding the proprietor of a modern building, as well as the proprietor of one of the ancient landmarks, in the Vieux Carre to display an unusually large sign upon his premises. The purpose of the ordinance is not only to preserve the old buildings themselves, but to preserve the antiquity of the whole French and Spanish quarter, the tout ensemble, so to speak, by defending this relic against iconoclasm or vandalism. Preventing or prohibiting eyesores in such a locality is within the police power and within the scope of this municipal ordinance. The preservation of the Vieux Carre as it was originally is a benefit to the inhabitants of New Orleans generally, not only for the sentimental value of this show place but for its commercial value as well, because it attracts tourists and conventions to the city, and is in fact a justification for the slogan, America's most interesting city.

■ The defendant's complaint that the municipal council did not have authority to enact the ordinance is not well founded. The authority is not embraced in the second paragraph which we have quoted from the constitutional amendment, because that paragraph deals only with the construction or alteration of buildings. But the authority is embraced in the first and third paragraph which we have quoted from the constitutional amendment, because in these paragraphs .the constitutional amendment gave to the municipal council of New Orleans the authority to confer upon the Vieux Carre Commission all such powers and duties as the municipal council might deem fit and necessary to carry out the main purpose of preserving the architectural and historical value of the buildings in the Vieux Carre. Aside from the constitutional amendment the municipal council of New Orleans has all of the police power that could be conferred upon any municipality. In subsection (d) of section 1 of Act 338 of 1936, amending the city's charter, it is declared:

"(d) The City of New Orleans shall also have all powers, privileges and functions which by or pursuant to the Constitution of this State, have been, or could be granted to, or exercised by any city, and shall have power to pass ordinances, and to exercise full police power in connection with any function of municipal government within the territorial limits of said city, including the right, power and authority, to pass ordinances on all subject matters, including subject matters which the Legislature has reserved to itself the right to regulate, but has not regulated, or has not fully regulated, on which the Legislature has reserved to itself the right to legislate, but has not legislated, or has passed general or special laws which do not cover the entire subject matter, and on any and all other subject matters without exception, regardless of whether or not the Legislature has enacted special or general laws upon the same subject matter, subject only to the limitation that the provisions of said ordinances shall not directly conflict with the provisions of any state laws upon the same subject matter."

■■ The complaint that the ordinance in question deals with more than one subject, in contravention of section 33 of Act 136 of 1898, is not well founded because the City of New Orleans is not governed by the act of 1898 but by a special law, Act 159 of 1912, which does not contain the provision that an ordinance of the city shall have only one object or deal with only one subject. New Orleans was incorporated under a special act of the Legislature long before Act 136 of 1898 was adopted, and was never affected by the provisions of that act. In fact it is declared in section 40 of the act of 1898 that the act shall not apply to any municipality that does not elect to come under its provisions. Town of Ruston v. Dewey, 142 La. 295, 76 So. 719; Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761. The provision of section 16 of Article III of the Constitution that a law shall embrace only one object and have a title indicative of that object is not applicable to municipal ordinances, but only to state statutes. Callaghan v. Town of Alexandria, 52 La.Ann. 1013, 27 So. 540;

Town of Ruston v. Dewey, 142 La. 295, 76 So. 719; Town of St. Martinville v. Dugas, 158 La. 262, 103 So. 761.

The judgment is annulled, the defendant's demurrer is overruled, and the case is ordered remanded to the recorder's court for further proceedings consistent with the opinion which we have rendered.