SUMMERS, Justice.
 

 The question presented is the constitutionality vel non of an ordinance of the city of New Orleans exempting certain defined areas of the Vieux Carre section of the city from regulations applying to the Vieux Carre. The plaintiff sought a declaratory judgment under Article 1871 et seq. of the LSA-Code of Civil Procedure. The trial court declared the ordinance unconstitutional and this appeal followed.
 

 In 1936 Article XIV, Section 22A was adopted as an amendment to our state constitution, LSA. This constitutional enactment authorized the Commission Council of the city of New Orleans to create and organize a commission to be known as the Vieux Carre Commission and provided for the appointment of the commission membership by the mayor from lists that were, in part, recommended by the Louisiana Historical Society and the Louisiana State Museum.
 

 The declared purpose of the enactment was to authorize the commission to preserve such buildings in the Vieux Carre section of the city of New Orleans as, in the opinion of the commission, shall be
 
 *793
 
 deemed to have architectural and historical value, the constitution providing that these buildings “should be preserved for the benefit of the people of the City of New Orleans and the State of Louisiana.”
 

 The Vieux Carre section of the city is defined by the amendment to comprise “all that area within the City Limits of the City of New Orleans contained within the following boundaries: The River, Uptown side of Esplanade Avenue, the River side of Rampart Street, and the lower side of Iberville Street.”
 

 The constitutional amendment further declared that the preservation of the buildings in the Vieux Carre section of New Orleans having architectural and historical value was a “public purpose”. And in •order that the “quaint and distinctive character of the Vieux Carre section of the * * * may not be injuriously affected, and in order that the value to the community of those buildings having architectural and historical worth may not be impaired, and in order that a reasonable degree of control may be exercised over the architecture of private and semi-public buildings erected on or abutting the public •streets of said Vieux Carre section”, it was required that the plans for the erection •of any new building or for “alterations •or additions to any existing building, any portion of which is to front on any public street in the Vieux Carre section” be submitted to the commission for its approval or such changes as in its judgment are necessary.
 

 The foregoing constitutional amendment is basic law. Any ordinance on that subject matter must be viewed in the light of its provisions. It is fundamental that no inferior enactment can violate the manifest tenor of the constitution.
 

 Pursuant to the authority granted by the constitution, the city enacted an ordinance in 1936
 
 [1]
 
 creating and establishing the Vieux Carre Commission. By the terms of this ordinance detailed restraints and regulations were imposed upon the properties within the Vieux Carre section. They concern permissible exterior lighting, show cases, overhanging balconies, the removal of sheds and marquees and the display, size and content of signs, the color and material used on the exterior of buildings and extensive regulations concerning the preservation against decay and deterioration of buildings within the Vieux Carre. The ordinance prescribed punishment for violation of its provisions and defined the boundaries of the Vieux Carre to be the same as the boundaries contained in the constitution.
 

 Then, in 1946, the city enacted the ordinance which is in contest.
 
 [2]
 
 That ordinance-
 
 *795
 
 amended the 1936 ordinance and provides that the regulations enacted for the preservation of the Vieux Carre do not apply to certain designated areas referred to as follows:
 

 “The River-side lots and buildings on North Rampart Street from Conti Street to Esplanade Avenue, not to exceed their present depth, and in no case to exceed the depth of one-half of the square; Square No. 96, bounded by Iberville, Rampart, Bienville and Burgundy Streets; Square No.
 
 97,
 
 bounded by Bienville, Rampart, Conti and Burgundy Streets; The squares contained in the area bounded by Wilkinson Street, the River-side of Decatur Street, from Wilkinson to Iberville Street, and the Mississippi River; All properties and lots on which same are located, presently occupied by the Monteleone Hotel in Square 35, bounded by Iberville, Royal, Exchange Alley and Bienville Streets.”
 

 The area thus exempted from regulation by the ordinance is on the periphery of the Vieux Carre. Since enactment of the ordinance the city and the commission have refused to exercise any regulatory control over the exempted area.
 

 In its consideration of the constitutionality of the ordinance in question, the trial court found that the city had no authority by its ordinances to “change the boundaries” of the Vieux Carre nor could the city “exclude or exempt” any lots, squares or areas from the regulations authorized by the constitution. That court considered only the bare language of the pertinent article of the constitution and contested ordinance.
 

 Evidence sought to be introduced by defendants showing the commercial and industrial character of many of the structures in the area excluded from the regulations was pei'mitted to be introduced in the record under the authority of Article 1636 of the LSA-Code of Civil Procedure; but objection to its admissibility otherwise was sustained. Likewise' evidence offered by the plaintiffs tending to show the historical and architectural value of structures within the exempted area was introduced into the record but declared inadmissible.
 

 A fair summary of the evidence proffered would lead to the conclusion that the excluded area is to a considerable extent occupied by structures of a commercial and industrial character. On the other hand, there are an appreciable number of structures situated within the exempted area which have an historical and architectural value. Although the excluded area is a fringe area, it abuts the area which is authentic and quaint and which is filled with buildings having an historical or architectural value. We, like the trial court, are of the opinion that this evidence is not necessary for our decision.
 

 
 *797
 
 The preamble of the contested ordinance discloses that its enactment was recommended by the commission because that commission determined that the exempted area was located in purely commercial and industrial sections.
 

 The plaintiffs in this action are Vieux Carre Property Owners and Associates, Inc., and three individuals, each of whom owns a parcel of residential property in the Vieux Carre. None of the plaintiffs’ property is in the excluded area.
 

 The defendants are the city of New Orleans, its Mayor, the Director of the Department of Public Safety, and the Vieux Carre Commission, and, nominally, the Attorney General.
 

 Parties owning substantial property interest in the excluded area intervened; they are: Loyola University, which owns and operates W.W.L.-TV, New Orleans Athletic Club, Inc., and Blaise, Inc., all of which are located in the exempted area on North Rampart Street; New Monteleone Hotel, Inc., Jackson Brewing Company, Neptune Supplies, Inc., and Joseph D. Landry located elsewhere in the exempted area.
 

 Various exceptions were urged by defendants below, all of which were overruled by the trial court. Although the stress on this appeal is aimed at the constitutionality of the ordinance, we will nonetheless consider the exceptions of no right of action, the pleas of laches and the pleas of prescription.
 

 No authority is cited by defendants and intervenors to support their exceptions of no right of action. They argue, however, that it is based upon the “belief” that plaintiffs have no legal or economic interest in the areas exempted from the regulations of the Vieux Carre and plaintiffs cannot question the constitutionality of the ordinance because plaintiffs are not in the position of those citizens accorded the right in zoning cases to attack a violation of a zoning ordinance by another.
 

 Generally, the constitutionality of a statute or city ordinance is open to attack only by a person whose rights are affected thereby, and a showing must be made that enforcement of the statute or ordinance will be an infringement of his rights. McCauley v. Albert E. Briede & Son, 231 La. 36, 90 So.2d 78 (1956).
 

 The plaintiffs here have alleged that Ordinance No. 14538, which imposes restrictions on their property, is not enforced as to the defendants because defendants are exempted by Ordinance No. 16.430. Plaintiffs assert that this exemption is unconstitutional, because, they allege, if this non-enforcement of Ordinance No. 14,538 against defendants continues by virtue of the exemption in Ordinance No. 16.430, practically all of the buildings in the deleted or exempted areas, having his
 
 *799
 
 torical or architectural value, will eventually be demolished or have their exteriors remodeled in a modern manner. And, in a few years more, the rare charm and beauty of these ancient building's will have completely vanished. The result will be the destruction of the historical value of plaintiffs’ own buildings and the distinctive and quaint character of the Vieux Carre in which their properties are situated. Already many buildings located in these deleted areas, possessing notable architectural value, have been demolished — particularly two on Conti Street. This non-enforcement has had and will continue to have an erosive effect on the value of other properties in the immediate neighborhood and, consequently, a detrimental effect on the entire Vieux Carre.
 

 Plaintiffs further aver that they rent portions of their properties for profit, some of which is located only sixty feet from exempted property on the riverside lots of North Rampart Street. As a result the plaintiffs who are owners of the non-exempted property must comply with the regulations prescribed by Ordinance No. 14,538, whereas persons competing with plaintiffs and who own property on North Rampart Street are given an unfair advantage by the exemption. The result is injurious discrimination against plaintiffs, affecting their income from rentals and decreasing the value of their property.
 

 These allegations by plaintiffs show that their rights are affected and an injurious discrimination results against them by virtue of the exemption, and they are entitled to question the constitutionality of the ordinance that creates the exemption. McCauley v. Albert E. Briede and Son, 231 La. 36, 90 So.2d 78 (1956). See Banjavich v. Louisiana License Bd. for Marine Divers, 237 La. 467, 111 So.2d 505 (1959). Cf. W. B. Wright v. Defatta, 244 La. 251, 152 So.2d 10 (1963); State ex rel. Dema Realty Co. v. McDonald, 168 La. 172, 121 So. 613 (1929); City of New Orleans v. Liberty Shop, 157 La. 26, 101 So. 798, 40 A.L.R. 1136 (1924). 101 C.J.S. Zoning § 20.
 

 The pleas of laches against an attack on the constitutionality of an ordinance have not been supported by any authority and we know of none. These pleas must fail. An unconstitutional amending statute or ordinance is in reality no law, and in legal contemplation is as inoperative as if it had never been passed. City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798 (1953). This being so, laches cannot be asserted against a suit to declare such an ordinance unconstitutional.
 

 The alternative pleas of prescription based upon the provisions of LSA-R.S. 9:5625 are likewise unavailing. The provision of the Revised Statutes referred to establishes a prescription of two years against a suit “to require enforcement of
 
 *801
 
 and compliance with any zoning restriction, building restriction or subdivision regulation imposed by any parish, municipality or their instrumentalities” and has no application to a suit whose object is to have an ordinance declared unconstitutional.
 

 As we have already noted, since 1946 the commission has refused to regulate the excluded area of the Vieux Carre. They rely upon the contested ordinance to justify their failure to enforce the Vieux Carre regulations in the exempted areas.
 

 The intervenors, of course, favor this non-regulation and join with the commission in its effort to uphold the constitutionality of the ordinance.
 

 Defendants and intervenors say, in effect, that by the constitutional amendment the city was authorized, but not required, to create and establish the Vieux Carre Commission. And, by that authority, the commission’s purpose is the preservation of only such buildings in the Vieux Carre as “in the opinion of said Commission, shall be deemed to have architectural and historical value.” Therefore, the argument continues, the city was vested with discretion as to whether it would create the commission and that discretion extended to the powers the city considered proper to confer on the commission. This discretion, it is said, does not compel the commission to regulate the entirety of the Vieux Carre, but only that portion which contains buildings which in its “opinion” have an historical or architectural value. And so, they reason, it is proper to exempt an area represented to be industrial and commercial in character.
 

 The rationale of this argument is that it would be in derogation of the constitution for the city to extend the powers of the commission beyond the authorization in the constitution or make the restrictions on the property owners more burdensome than the regulations contemplated by the constitution; however, when the city does not go beyond the authority delegated, but lessens the restrictions authorized by the constitution, the plaintiffs cannot complain for the constitution is not violated. They assert it is not violating the constitution to do less than they are authorized to do, or, to put it another way, when the constitution authorizes them to regulate the whole Vieux Carre, it is permissible under this grant to regulate only a part thereof.
 

 We think the argument of defendants might have substance if we consider only those portions of the constitutional enactment which deal with the discretionary authority of the city and commission. But we cannot consider only part of the constitutional amendment in our deliberation. The constitutionality of the ordinance must be considered in the light of the whole amendment. The contention which we have outlined completely
 
 *803
 
 disregards the “duties” of the city and the commission once they have undertaken the trust of preserving the Vieux Carre. Those “duties” are mandatory and the commission has no discretion regarding them. They are set forth in the constitution in these words:
 

 “Duties of commission.
 
 Hereafter and for the public welfare in order that the quaint and distinctive character of the Vieux Carre section of the City of New Orleans may not be injuriously affected, and in order that the value to the community of those buildings having architectural and historical worth may not be impaired,
 
 and in order that a reasonable degree of control may be exercised
 
 over the
 
 architecture of private and semi-public buildings erected on or abutting the public streets of said Vieux Carre section,
 
 whenever
 
 any
 
 application is made for a permit for the erection of
 
 any
 
 new building or whenever
 
 any
 
 application is made for a permit for alterations or additions to
 
 any
 
 existing building,
 
 any
 
 portion of which is to front on
 
 any
 
 public street in the Vieux Carre section, the plans therefor, so far as they relate to the appearance, color, texture of materials and architectural design of the exterior thereof
 
 shall
 
 be submitted, by the owner, to the Vieux Carre Commission and the said Commission shall report promptly to the Commission Council its recommendations, including such changes, if any, as in its judgment are necessary, and the said Commission Council shall take such action as shall, in its judgment, effect reasonable compliance with such recommendations, or to prevent any violation thereof.” (Emphasis added.)
 

 The language we have quoted simply means that, in the Vieux Carre section as a whole,
 
 any
 
 building abutting on
 
 any
 
 public street which is sought to be altered or added to
 
 shall
 
 be subject to the “reasonable control” of the city and the commission.
 

 Under their discretionary authority the city and the commission may designate the buildings which in their “opinion” are considered worthy of preservation, but the city and commission must exercise “reasonable control” over the entirety of the Vieux Carre section and maintain its quaint and distinctive character as a whole. There is no choice in this latter constitutional mandate once the city and commission undertake the trust.
 

 It follows that the city may not by ordinance or otherwise contravene the constitutional mandate and exempt certain areas of the Vieux Carre from “reasonable control” or any regulation whatsoever. The entirety of the Vieux Carre as delineated by the boundaries fixed in the constitution is subject to the “reasonable control” re
 
 *805
 
 quired to be exercised by the commission in the last quoted portion of the enactment. The ordinance in question which exempts a portion of the Vieux Carre from any regulation whatsoever, in effect, exempts it from the “reasonable control” which the constitution requires the commission to exercise over the entire Vieux Carre. Therefore the ordinance is unconstitutional by its very terms. We so declare.
 
 [3]
 

 The purpose of the constitutional enactment in question and the ordinances enacted to carry its provisions into effect have been the subject of this court’s consideration on other occasions.
 

 In City of New Orleans v. Impastato, 198 La. 206, 3 So.2d 559 (1941) we noted that “a reading of the constitutional provision reveals a plain intention on the part of the
 
 people
 
 to
 
 delegate
 
 to the City of New Orleans, acting through a Commission to be known as the Vieux Carre Commission, full and complete authority with respect to the preservation of the architecture and the historic value of the buildings situated in the Vieux Carre.” (Emphasis added.)
 

 In City of New Orleans v. Pergament, 198 La. 852, 5 So.2d 129 (1941) we observed that the purpose of the constitutional amendment was “not only to preserve the old buildings themselves, but to preserve the antiquity of the whole French and Spanish quarter, the tout ensemble, so to speak, by defending this relic against iconoclasm or vandalism.” That is the idea the constitution authorizes the city to carry out. Furthermore, as the latter decision points out, “The preservation of the Vieux Carre as it was originally is a benefit to the inhabitants of New Orleans generally, not only for the sentimental value of this show place but for its commercial value as well, because it attracts tourists and conventions to the city, and is in fact a justification for the slogan, America’s most interesting city.”
 

 To this we can add that the interest in the preservation of this ancient vestige of Louisiana’s historical past is not confined to the city of New Orleans. The idea transcends that local interest. It is a matter of statewide concern because the constitution declares that the preservation of the structures in the Vieux Carre is a public purpose “for the benefit of the people of the City of New Orleans
 
 and the State of Louisiana.”
 
 Moreover, the statewide interest in the Vieux Carre is signified by the requirement that the Louisiana Historical Society and
 
 *807
 
 the curators of the Louisiana State Museum — statewide institutions — are each to recommend two persons from whom the mayor selects members of the commission. The trust thereby imposed upon the city and the Vieux Carre Commission by the constitution is one to be discharged in the interest of the whole state and not the city alone. As long as the city undertakes to discharge that trust it must do so with this concept in mind.
 

 In City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798 (1953) we again considered an ordinance carrying out and putting into effect the provisions of the constitution ■concerning the Vieux Carre. There we said, “The ordinance, as well as the authorizing constitutional provision in which they are also contained, relates exclusively to a particular section of the City of New Orleans and clearly purposes to preserve its antiquity and the unique architecture existing therein that was influenced by the French and Spanish of an earlier period.”
 

 The clear purpose of defining the boundaries of the Vieux Carre was to enable the city and commission not only to preserve historically and architecturally significant buildings themselves, but to enable that authority to exercise “reasonable control” over all other buildings within the Vieux Carre in order that their use would not destroy the “quaint and distinctive character” of the entire Vieux Carre.
 
 [4]
 

 We do not concern ourselves with the wisdom or policy of constitutional enactments. They are matters which concern the people generally and it is not within the province of this court to change the clear meaning of the constitution.
 

 Judgment affirmed.
 

 HAMLIN, J., concurs in the result. Additionally, he is of the view that See. 5-802 of the Fióme Rule Charter of the City of New Orleans has effectively repealed and set aside the boundary deletions of Ordinance 16, 430, C.C.S.
 

 [1]
 

 . C.C.S. Ord. No. 14,538.
 

 [2]
 

 . C.C.S. Orel. No. 16,430.
 

 [3]
 

 . Without an express declaration to that effect, this court has previously noted that there appeared to be no authority for the enactment of the identical ordinance which is now under consideration for it attempted to accomplish a reduction in the size of the area of the Yieux Carre and that action appeared to be contrary to the constitution. City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798 (1953).
 

 [4]
 

 . It is conceded by all that the constitutional purpose includes the preservation of such buildings in the Vieux Carre section as, “in the opinion of the Commission”, shall be deemed to have architectural and historical value and that aspect of the constitutional amendment vests discretion in the Commission relating to the buildings it designates for “preservation”. With respect to those buildings having an historical or architectural worth, the commission may, under certain conditions, grant their owners exemptions from municipal or parochial taxes, or, they may be purchased or expropriated by the city. Although the “duties” of the city and commission are not as far-reaching, they are also not discretionary — they are mandatory. Those duties require the exercise of “reasonable control” over the entire Vieux Carre.