222 So.2d 608 (1969)
Morris G. MAHER
v.
CITY OF NEW ORLEANS.
No. 3423.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
Rehearing Denied June 2, 1969.
*609 Montgomery, Barnett, Brown & Read, Walter M. Barnett, New Orleans, for Morris G. Maher, plaintiff-appellee.
Alvin J. Liska, Jackson P. McNeely, Posey R. Bowers, Jackson P. McNeely, New Orleans, for City of New Orleans, defendant-appellant.
Jacob H. Morrison, New Orleans, for Vieux Carré Property Owners & Associates, Inc., Samuel Wellborn and Malcolm W. Monroe, intervenors-appellees.
Before REGAN, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
The plaintiff in this action, Morris G. Maher, is the owner of two adjacent pieces of residential property in the section of New Orleans known as the Vieux Carré. He brings this suit against the City of New Orleans, through its Mayor Victor H. Schiro, and Bernard J. McCloskey, Director of the Department of Safety and Permits, for a declaratory judgment, praying that the action of the City Council of the City of New Orleans which denied him the right *610 to demolish a house on one of these pieces of property be declared null, void and of no legal effect, and that the Director of the Department of Safety and Permits be enjoined from withholding a permit to demolish this house. The Vieux Carré Property Owners and Associates, Inc., a Corporation composed of individuals vitally interested in the preservation of the historical antiquity of the Vieux Carré Samuel Wellborn and Malcolm W. Monroe, property owners in the Vieux Carré, have intervened in this action as persons having practical interest in supporting the City in its endeavors to prevent the alteration, destruction or change of the permanent structures in the Vieux Carré. Judgment was rendered in the trial Court in favor of plaintiff and defendants and intervenors bring this appeal.
This matter has taken many years to make its way to this Court, and its merits can best be understood by a chronological recitation of the steps it has taken along the way.
In March 1963, the plaintiff applied to the Vieux Carré Commission for permission to demolish a cottage which he owned at 818-822 Dumaine Street in the Vieux Carré. It was plaintiff's intention to replace this cottage with an apartment house addition to his adjacent home at 810 Dumaine. The plans for the new dwelling were approved by the Architectural Committee of the Vieux Carré Commission, but permission for demolition of the existing cottage was refused on April 16, 1963. On September 17, 1963 the plaintiff again applied to the Vieux Carre Commission for permission to demolish his cottage but again permission was refused. Finally on December 17, 1963 the plaintiff, now represented by legal counsel, presented a petition to demolish the cottage to the Commission for a third time. This time the Commission decided to consider the matter at Executive (closed) Session. At this Executive Session the petition for demolition was approved. This approval was ratified at the next meeting of the Commission with the explanation that all the factual evidence concerning the cottage had not been properly considered on the first two hearings, which resulted in denial of permission to demolish, and that after a full discussion and investigation the Commission was of the opinion that the cottage had neither architectural nor historical value, thus its removal would not be detrimental to the character of the Vieux Carre. It should be noted that in June, 1963 the Vieux Carre Commission had voted to obtain a report from The Vieux Carre Survey Advisory Committee which was making an architectural analysis of the entire Vieux Carre under the auspices of a grant to Tulane University by the Edward G. Schleider Foundation. On December 19, 1963 The Vieux Carre Survey Advisory Committee directed a letter to the editors of the New Orleans States-Item newspaper in which the Committee unequivocally stated it had not recommended to the Vieux Carre Commission that the Maher property be demolished. Rather it was of the opinion that this cottage was worthy of preservation as part of the over-all scene.
At this point members of The Vieux Carre Property Owners and Associates, Inc. presented the matter to the City Council of the City of New Orleans. The City Council adopted a resolution on February 13, 1964 wherein it held that the building in question had architectural and historical value, thus overruling the Vieux Carré Commission, and refused permission for demolition of the cottage.
The plaintiff then filed this suit for declaratory judgment asking that this decision of the City Council of February 13, 1964 be held null and void and of no legal effect. It was agreed at this time by all parties to the suit that action of the City Council was indeed at that point null and void, as the Council had considered the matter before the plaintiff had requested permission of the City Department of Safety and Permits for a permit to demolish the cottage. This suit was then held in abeyance until the plaintiff could *611 apply for such a permit. The plaintiff then applied to the Department of Safety and Permits for his permit but was refused. Plaintiff then appealed to the City Council for a reversal of the action of the Department.
On August 16, 1966 the City Council held an open hearing on the issue of whether or not the Vieux Carré Commission had been correct in issuing a permit to demolish. By vote of five to one, the City Council overruled the Vieux Carré Commission action in granting a permit to demolish.
The plaintiff then went forward with the prosecution of this suit. He did not amend his pleadings to include a prayer that the Council action of August 16, 1966 be declared null; however it is apparent from the record that it was this action which was at suit. After a lengthy trial on the merits, judgment was rendered in favor of the plaintiff herein in which the action of the City Council of February 13, 1964 was declared null, void and of no legal effect. Further the Director of the Department of Safety and Permits was enjoined from refusing to issue a permit of demolition. The trial Judge however has not favored us with the reasons for his decision.
It is apparent from the record that the judgment is deficient to the extent that while it holds the Council action of February 13, 1964 to be null, void and of no legal effect, it is silent as to the Council action of August 16, 1966. None of the parties to this suit has noticed this deficiency, and to the contrary, they have proceeded as if the resolution of August 16, 1966 was declared void in the judgment. In the interest of justice and to prevent further delay and confusion in an already lengthy and somewhat confusing matter, we will treat the judgment in light of the obvious intentions of the parties to this suit, reflected by their briefs and arguments before this Court.
Counsel for the intervenors advances two main propositions in support of his contention that the decision of the Court a qua should be reversed. First, he contends the City Council of the City of New Orleans has the authority to review the actions of the Vieux Carré Commission, and has the power to reverse these actions when reversal is warranted. Second, he argues that the action of the City Council was not proven to be unreasonable, arbitrary or capricious, thus the trial Court was in error in holding that this action was null, void and of no legal effect.
Article XIV, Section 22A, of the Constitution of the State of Louisiana, was added in 1936 by Act 139 of that year. This constitutional enactment authorized the Commission Council of the City of New Orleans (now known as the City Council) to create and organize the Vieux Carré Commission. The purpose of this enactment was to authorize the Commission to preserve such buildings in the Vieux Carré as, in the opinion of the Commission, shall be deemed to have architectural and historical value. Vieux Carré Property Owners & Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367, 1964.
The pertinent sections of this Constitutional provision are as follows:
"The Commission Council of the City of New Orleans is hereby authorized to create and organize a Commission to be known as the Vieux Carré Commission, to be appointed by the Mayor of said City with the advice and consent of its Commission Council and to be composed of nine members, all of whom shall be citizens of the City of New Orleans. * * *"
* * * * * *
"The said Commission shall have for its purpose the preservation of such buildings in the Vieux Carré Section of the City of New Orleans as, in the opinion of said Commission, shall be deemed to have architectural and historical value, and which buildings should be preserved for the benefit of the people of the City of New Orleans and the State of Louisiana, and to that end the Commission *612 shall be given such powers and duties as the Commission Council of the City of New Orelans shall deem fit and necessary."
* * * * * *
"Hereafter and for the public welfare and in order that the quaint and distinctive character of the Vieux Carré Section of the City of New Orleans may not be injuriously affected, and in order that the value to the Community of those buildings having architectural and historical worth way not be impaired, and in order that a reasonable degree of control may be exercised over the architecture of private and semi-public buildings erected on or abutting the public streets of said Vieux Carré Section, whenever any application is made for a permit for the erection of any new building or whenever any application is made for a permit for alterations or additions to any existing building, any portion of which is to front on any public street in the Vieux Carré Section, the plans therefor, so far as they relate to the appearance, color, texture of materials and architectural design of the exterior thereof shall be submitted by the owner, to the Vieux Carré Commission and the said Commission shall report promptly to the Commission Council its recommendations, including such changes, if any, as in its judgment are necessary, and the said Commission Council shall take such action as shall, in its judgment, effect reasonable compliance with such recommendation, or to prevent any violation thereof.
"The Commission Council of the City of New Orelans may, by Ordinance or otherwise, carry the above and foregoing provisions into effect."
Pursuant to the authority granted by this Constitutional provision, the City enacted C.C.S. Ordinance No. 14,538 wherein it created and established the Vieux Carré Commission. The sections of that Ordinance which are pertinent to this case are as follows:
"§ 1. COMMISSION ESTABLISHED.
"There is hereby created a Commission to be known as the Vieux Carré Commission of the City of New Orleans."
* * * * * *
"§ 6. PURPOSE; DEFINITION OF VIEUX CARRE SECTION.
"The Vieux Carré shall have for its purpose the preservation of such buildings in the Vieux Carré section of the city as, in the opinion of the Commission, shall have architectural and historical value and which should be preserved for the benefit of the people of the city and state.
"The Vieux Carré Section of the city is hereby defined to comprise all that area within the City limits within the following boundaries; The River, Uptown side of Esplanade Avenue, the River side of Rampart Street and the lower side of Iverville Street. * * *."
* * * * * *
"§ 9. COMMISSION RECOMMENDATION AND ACTION THEREON.
"The Vieux Carré Commission shall upon due consideration report thereon promptly its recommendations, including such changes, if any, as in its judgment are reasonably necessary to comply with the requirements of this chapter, by sending them, in writing, to the Director of the Division of Regulatory Inspections with the application and documents referred to in this article and, if they are found by the Director to comply reasonably with the requirements of this article and if such application and intended work shall conform also to all other regulations, ordinances and laws of the city, the Director shall issue promptly a permit for such work and indicate on such permit the extent and nature of the work to be performed thereunder. * * *."
* * * * * * *613 "§ 10. WHEN DIRECTOR TO SUBMIT QUESTION TO COUNCIL; ACTION OF COUNCIL.
"If the applicant for a permit shall refuse to accede to reasonable changes recommended by the Vieux Carré Commission, if the Commission shall disapprove any application or if the Director of the Division of Regulatory Inspections finds that the recommendations of the Commission do not comply reasonably with the requirements of this article, the Director shall within not later than five days, forward such matters with his written comments to the Council for such action as in its judgment, after notice and affording an opportunity to the applicant and to the Commission and other protesting parties to be heard, shall effect reasonable compliance with such recommendations and this article."
Section 10 as last quoted clearly envisions a situation such as the one before us in this suit. The Director of the Division of Regulatory Inspections (the Department of Safety and Permits) advised the plaintiff herein that he refused the plaintiff's application for demolition though approved by the Vieux Carré Commission. The plaintiff makes much of the fact that this refusal was the result of the first City Council action which was later recognized by all parties to be of no legal effect. In any event no permit was ever forthcoming so the matter was properly forwarded to the City Council for action. The City Council then, after a full and formal hearing, decided not to approve the application for a permit for demolition. This certainly was "such action as in its (the Council's) judgment * * * shall effect reasonable compliance with such recommendations and this article." (Emphasis ours.) The City Council was thus complying with the provisions of its own ordinance; however, the question then becomes: is the ordinance in accordance with the Constitutional provisions as quoted above? We find we must answer that question in the affirmative.
Nowhere in the Constitutional Amendment do we find that the City Council is specifically reserved the right to overrule the recommendation of the Vieux Carré Commission. However we find that a reasonable interpretation of the amendment does lead to that conclusion.
The stated purpose of the amendment was to give to the City of New Orleans the power and authority by ordinance or otherwise to act to preserve the architectural and historical value of the Vieux Carré. While the suggested vehicle through which the City was to act was to be the Vieux Carré Commission, nevertheless the City had the authority to grant to this Commission such powers and duties as the City Council deemed fit and necessary. It would be unreasonable then to prohibit the City, acting through City Council, from refusing to follow the decisions of a Commission of its own creation. The creature otherwise would be vested with more authority than its creator, and the City as the body vested with the ultimate responsibility for the preservation of the Vieux Carré, would be denied the position as the ultimate arbiter in disputes involving the well-being of its charge, the Vieux Carré.
Further it should be noted that the Constitutional Amendment itself when speaking of the actions of the Vieux Carré Commission, refers to them as "recommendations" to the City Council which necessarily implies that they are discretionary with the Council rather than directory.
Having found that the City Council does have the authority to review the recommendations of the Vieux Carré Commission, and can refuse to follow these recommendations at its own discretion, we turn to the second element of the argument with which appellants seek the reversal of the judgment of the trial Court, i. e., that the trial Court was in *614 error in declaring the action of the City Council [that of August 16, 1966] to be null, void and of no legal effect, as the record does not support the finding that this action was unreasonable, arbitrary or capricious.
In support of this contention, appellants rely on the well settled rule that it is not the province of the judiciary to substitute its judgment for that of a legislative or administrative body unless the action of such body is unsupported by evidence and hence is to be deemed unreasonable, arbitrary or capricious. Hunter v. City of Shreveport, 216 So.2d 140, La. App. 2 Cir. 1968, writ refused Jan. 24, 1969, and authorities therein cited.
We find this rule to be applicable in this case and hold that the trial judge was in error in substituting his opinion for the decision of the City Council of the City of New Orleans. We reach this conclusion based upon an exhaustive inspection of the testimony and evidence submitted at the trial below.
The plaintiff, defendants and the intervenors produced considerable expert testimony by renowned architects and architect-historians to prove or disprove the proposition that the Dumaine Street Maher cottage composed part of the elusive "tout ensemble" of the Vieux Carré as described by our Supreme Court in City of New Orleans v. Pergament, 198 La. 852, 5 So.2d 129 (1941).
We were highly impressed with the qualifications and accomplishments of all of these witnesses and they served to underscore that there is a very definite and genuine difference of opinion among the professional community as to the proper course to follow in preserving the architectural and historical legacy that is the Vieux Carré. We are not in a position however to enunciate a grand scheme to be followed by future generations in this area. Rather we are charged with the responsibility of determining that the interested legislative body, in this case the City Council of the City of New Orleans, follows the clear constitutional mandate found in art. XIV, § 22A of the Constitution of this State as quoted in pertinent part above.
We are satisfied that the City Council in this case did follow the proper procedure by allowing all parties of interest to present their arguments before the Council. There was ample evidence to support action by the Council to either approve or deny plaintiff's request for demolition, and as the Council has come to its conclusion after a careful consideration of the substantial evidence before it, we cannot find that its action was unreasonable, arbitrary or capricious, hence the trial Court was in error in holding this action to be null, void and of no legal effect.
In reaching our conclusion we have noted plaintiff's objection that the Vieux Carré Ordinance is unconstitutional to the extent that it is too vague and indefinite to permit consistent application, particularly in view that the members of the City Council, none of whom claim expertise as architects, are claimed to be the final arbiters in this area.
We find the answer to this objection, partially in the constitutional provision itself which, as we have previously determined permits the members of the City Council the authority to so act in these cases, and in the Supreme Court decisions of City of New Orleans v. Pergament, supra, and City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798 (1953), which have decided that there is nothing vague and indefinite in the wording of the Ordinance when it uses the words "architectural and historical" and "quaint and distinctive" in reference to the qualities of the Vieux Carré which must be preserved. Finally when an ordinance such as here prescribes a procedure whereby a party is allowed to take his "case" to the Council, and present for its consideration numerous witnesses on his own behalf, we can find no basis for his claim that his constitutional rights have been infringed.
*615 For the reasons hereinabove set forth, the judgment read, rendered and signed by the trial Court on the 26th day of February, 1968 in favor of the plaintiff, Maurice G. Maher, and against the City of New Orleans, and the Director of the Department of Safety and Permits of the City of New Orleans, is reversed; and it is now Ordered, Adjudged and Decreed that there be judgment herein in favor of the City of New Orleans, the Director of the Department of Safety and Permits of the City of New Orleans, defendants herein; and Vieux Property Owners Associates, Inc., Samuel Wellborn and Malcolm W. Monroe, intervenors herein; and against plaintiff Maurice G. Maher, dismissing the suit filed herein by the said Maurice G. Maher at his cost.
Reversed and rendered.