235 So.2d 402

**Morris G. MAHER**

**v.**

**CITY OF NEW ORLEANS.**

**No. 49963.**

May 4, 1970.

Rehearing Denied June 8, 1970.

Montgomery, Barnett, Brown & Read, Walter M. Barnett, Harold B. Carter, Jr., New Orleans, for appellant.

Alvin J. Liska, City Atty., Posey R. Bowers, Jackson P. McNeely, Asst. City Attys., for appellee.

Jacob H. Morrison, New Orleans, for intervenor.

LEVY, Justice ad hoc.

Morris G. Maher is the owner of residential property in that section of the City of New Orleans encompassed within the area designated by Article 14, Section 22A of the Louisiana Constitution of 1921 as the "Vieux Carre". He instituted the instant action against the City of New Orleans and Bernard J. McCloskey, Director of the Department of Safety and Permits for the City of New Orleans, for a declaratory judgment decreeing invalid the action of the Commission Council of the City of New Orleans (hereinafter called the City Council), denying him the right to demolish a house located on his property, and seeking a judgment against McCloskey enjoining him from withholding a permit to demolish the building. The Vieux Carre Property Owners and Associates, Inc., intervened in behalf of its members and urged that the resolution of the City Council be maintained in full force and effect.

The district court rendered judgment in favor of plaintiff. Defendants and the intervenor appealed. The Court of Appeal reversed the judgment and dismissed the suit. 222 So.2d 608. We granted certiorari at the instance of the plaintiff.

A detailed background of the history of the dispute leading up to this litigation is not in controversy and follows herewith.

Plaintiff is the owner of adjoining pieces of property in the Vieux Carre. One is used by him as his residence; a "double" cottage is located on the other.[1] He is desirous of demolishing the cottage, designated by the municipal numbers 818–822 Dumaine Street, and replacing it with an addition to his home, which will contain several rent producing apartments. He alleged in the petition (and it is conceded) that the new structure would conform with the prescribed zoning and building codes.

In order to demolish the presently existing cottage it is necessary that plaintiff secure the approval of the Vieux Carre Commission (referred to hereafter as the Commission) and obtain a permit from the Department of Safety and Permits of the City of New Orleans. He first applied to the Commission for permission to demolish the cottage in March of 1963, and in connection therewith he submitted plans for the new structure intended to replace

---

1. Plaintiff refers to the "double" cottage as a "shot gun" double cottage. Defendant and intervenors deny that the structure is a "shot gun" one (one in which one room is directly behind the other on each side, with a wall down the middle) and they contend that it has many distinguishing attributes which take it out of the class of the "run-of-the-mill" double.

it. The Architectural Committee of the Commission approved the construction plans, but on April 16, 1963 the Commission refused a permit to demolish the existing building.

On September 17, 1963 plaintiff again applied to the Commission for permission to demolish the cottage and for the second time the permission was refused.

On December 16, 1963, the matter was once more submitted to the Commission. For reasons best known to itself (not shown by the record) the Commission considered the matter in executive (closed) session, and the application for demolition of the cottage was approved. Although no open hearing was had, the action taken in executive session was formally approved at the next meeting of the Commission with the explanation that all of the factual evidence concerning the cottage had not been properly considered on the first two hearings and that its removal would not be detrimental to the character of the Vieux Carre inasmuch as the cottage had neither architectural nor historical value.

The Vieux Carre Property Owners and Associates, Inc., composed of individuals vitally interested in the preservation of the historical antiquity of the Vieux Carre, presented the matter to the City Council and on February 13, 1964, apparently without any formal hearing and prior to the matter having been presented to the

Department of Safety and Permits for a permit to demolish the cottage, the City Council adopted a resolution wherein it held that the building in question does have architectural and historical value, thus overruling the Commission, and it refused to permit its destruction.

Following this action by the City Council, the instant suit was brought by plaintiff, wherein he prayed for a judgment declaring:

1. That the action of the City Council of *February 13, 1964* be declared null, void, illegal and to no effect.

2. That the *finding* by the City Council that the building located at 818–820 Dumaine Street "had sufficient architectural and historical value to warrant its preservation, is arbitrary, capricious, unreasonable and discriminatory."

3. That Bernard J. McCloskey, Director of the Department of Safety and Permits, be enjoined from withholding a permit to demolish the building at 818–820 Dumaine Street.

Neither in the petition nor in any other pleading was there any attack on the legality or constitutionality of Article 14, Section 22A of the Louisiana Constitution, or of the ordinance of the City enacted pursuant thereto (C.C.S. No. 14,538).

After the filing of the suit all parties apparently conceded that the action of the City Council taken on February 13, 1964

was null and void because that body considered the correctness of the Commission's order before action was taken by the Department of Safety and Permits, and without a hearing. Accordingly, pursuant to an agreement between the parties, the plaintiff applied to the Department of Safety and Permits for a permit to demolish, which was refused. Plaintiff then appealed to the City Council for a reversal of the Department's ruling.

Following an open hearing on the correctness of the Commission's ruling permitting demolition, the City Council, on August 16, 1966, overruled the Commission and denied the permit.

Without any amendment in the pleadings (even so as to formally put at issue the legality of the City Council's action of August 16, 1966) the parties then went back into court, and an extensive trial ensued wherein evidence was introduced relative to the validity of the August 16, 1966 resolution.[2]

At the conclusion of the trial the district court rendered a judgment which held that the City Council's action of *February 13, 1964* was null and void, but it made no ref-

erence whatever to the resolution of *August 16, 1966.* (The judgment was rendered February 26, 1968.)

Concerning the failure of the district court's judgment to rule on the validity of the August 16, 1966 action of the City Council, the Court of Appeal stated in its opinion:

"None of the parties to this suit has noticed this deficiency, and to the contrary, they have proceeded as if the resolution of August 16, 1966 was declared void in the judgment. In the interest of justice and to prevent further delay and confusion in an already lengthy and somewhat confusing matter, we will treat the judgment in light of the obvious intentions of the parties to this suit, reflected by the briefs and arguments before this court." (The judgment was one setting aside the City Council's action of August 16, 1966.)

We shall do likewise.

In this court plaintiff contends that the judgment of the Court of Appeal is erroneous in that:

A. Section 22A of Article 14 of the Louisiana Constitution did not authorize

2. Inasmuch as the original petition was never amended we do not know what justification there was for the trial court's having proceeded with the trial of that issue, unless it be found in Article 1154 of the Louisiana Code of Civil Procedure which provides that: "When issues not raised by the pleadings are tried by express or implied consent of the parties,

they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. * * "

the City Council of New Orleans to reverse the findings of the Commission.

B. It held that there were sufficient standards contained in the city ordinance to guide the City Council in making such a decision, if the council did have authority to reverse the findings of the Commission.

C. A private citizen cannot be forced to maintain his property, for the benefit of the public, without compensation.

∎ The arguments made in connection with assignments of error "B" and "C" address themselves to the constitutionality of the Vieux Carre ordinance. As we have heretofore observed, no plea attacking its constitutionality for any reason was filed in the district court. In fact, the issues raised by assignment of error "C" was not presented until the application for certiorari was filed in this court. Consequently, they cannot be considered by us now.[3]

∎ Therefore, the sole question for our consideration is whether or not the City Council has the right to reverse the findings of the Commission. We are of the opinion that it does have such right.

Section 22A of Article 14 of the Louisiana Constitution does not grant to the Commission autonomous powers. It simply authorizes the City Council to "create and organize a Commission to be known as the Vieux Carre Commission" and to give the Commission "such powers and duties as the Commission Council of the City of New Orleans shall deem fit and necessary." It is clear that there was never any intention to divest the City Council of its authority over the Commission which it was authorized to create.

Although authorizing the City Council to give the Commission "such powers and duties as [it deemed] fit and necessary" the constitutional provision did set forth the "Duties of the Commission". A reading of this section of the constitutional provision indicates that the Commission was to "report promptly to the Commission Council *its recommendations,* including such changes, if any, as in its judgment are necessary, and the said Commission Council shall take such action, as shall, *in its judgment,* effect reasonable compliance with such recommendations, *or* to prevent any violation thereof." (Italics ours)

We find it impossible to uphold any contention that the language of the constitutional provisions or of the ordinance does

3. Apparently without realizing that the constitutional issue had not pleaded in the trial court the Court of Appeal did pass on the constitutional question set out in assignment of error "B" and held that our decision in City of New Orleans v. Pergament, 198 La. 852, 5 So.2d 129 and City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798 in which we maintained the validity of the ordinance had set at rest the question of whether or not the ordinance was subject to attack because it was too vague and indefinite. We are inclined to agree.

not reserve to the City Council the right to reverse any "recommendation" of the Commission. If the City Council did not have the right to change a recommendation of the Commission, then the "recommendation" of the Commission would become a final decision rather than a recommendation. Nowhere in the constitutional provision—nor in the ordinance—is any reference made to any "decision" of the Commission. The term "recommendation" is constantly used. And to recommend is simply to advise or suggest. Hence, we are of the opinion that the City Council has the right to make the final decision in matters acted upon and in which recommendations are made by the Commission.

Our laws provide ample means for correcting any abuse of discretion by either the Commission or the City Council.

■ It would serve no useful purpose to detail the evidence contained in the voluminous record before us, relative to the factual determination of the City Council which prompted the passage of its resolution overruling the Commission's order permitting demolition of plaintiff's cottage.

Suffice it to say that a review thereof does establish to our complete satisfaction the fact that the Maher cottage composed part of the elusive "tout ensemble" of the Vieux Carre as described by this court in City of New Orleans v. Pergament, supra, and that it does have architectural value.[4] In view of this determination we hold that the decision of the City Council refusing to permit the demolition of the cottage would be subject to attack only if it could be shown that in so deciding the City Council abused its discretion, and we find no evidence to support such a conclusion.

For the reasons assigned the judgment of the Court of Appeal dismissing plaintiff's suit is affirmed. Plaintiff to pay all costs of these proceedings.

McCALEB, Justice (dissenting).

It is my opinion that Section 22A of Article 14 of the Louisiana Constitution expressly forbids the City Council of New Orleans to reverse or refuse to enforce the findings of the Vieux Carre Commission. This Court has many times decided that a reading of the constitutional provision

---

4. Of particular interest in this respect is the following observation of the Court of Appeal: " * * * It should be noted that in June, 1963 the Vieux Carre Commission had voted to obtain a report from The Vieux Carre Survey Advisory Committee which was making an architectural analysis of the entire Vieux Carre under the auspices of a grant to Tulane University by the Edward G. Schleider Foundation. On December 19, 1963 The Vieux Carre Survey Advisory Committee directed a letter to the editors of the New Orleans States-Item newspaper in which the Committee unequivocally stated it had not recommended to the Vieux Carre Commission that the Maher property be demolished. Rather it was of the opinion that this cottage was worthy of preservation as part of the over-all scene."

" * * * reveals a plain intention on the part of the people to delegate to the City of New Orleans, acting through a Commission to be known as the Vieux Carre Commission, *full and complete authority with respect to the preservation of the architecture and historic value of the buildings situated in the Vieux Carre.*" City of New Orleans v. Impastato, 198 La. 206, 3 So.2d 559 (1941). (Emphasis mine.) To the same effect see City of New Orleans v. Pergament, 198 La. 852, 5 So.2d 129 (1941); City of New Orleans v. Levy, 223 La. 14, 64 So.2d 798 (1953); and Vieux Carre Prop. Owners & Associates Inc. v. City of New Orleans, 246 La. 788, 167 So. 2d 367 (1964).

When consideration is given to the constitutional mandate and the clear import of the language employed therein in defining the duties of the Vieux Carre Commission, a majority of the members of which must be composed of qualified architects and other persons intimately acquainted with the historical background of the Vieux Carre section, there can be little doubt that it was the plain design of the framers of the Constitution to vest in the Commission the plenary power of determining whether or not a permit should be issued or withheld for alterations, additions to any existing building or other changes which are to be made within the confines of the Vieux Carre section. Indeed, the Constitution specifically provides, in outlining the duties of the Commission, that:

"* * * whenever any application is made for a permit for the erection of any new building or whenever any application is made for a permit for alterations or additions to any existing building, * * * the plans therefor, so far as they relate to the appearance, color, texture of materials and architectural design of the exterior thereof shall be submitted, by the owner, to the Vieux Carre Commission and the said Commission shall report promptly to the Commission Council its recommendations, including such changes, if any, as in its judgment are necessary, *and the said Commission Council shall take such action as shall, in its judgment, effect reasonable compliance with such recommendations, or to prevent any violation thereof.*" (Emphasis mine.)

Thus, in the language of the Constitution, the City's authority extends only to take action to effect reasonable compliance with the recommendations of the Commission or to prevent a violation of those recommendations; it is not authorized to overrule the recommendations or to refuse to carry them into effect. Under the majority ruling, the City Council can veto any (decision) recommendation of the Commission and thus abrogate the expert judgment of that body. This, in my view, is exactly what the framers of our Constitu-

tion sought to avoid, i. e., the transference of the considered judgment of selected experts into the hands of the administrative body for any purpose other than to "effect reasonable compliance with such recommendations, or to prevent any violation thereof."

I respectfully dissent.

FOURNET, Chief Justice (dissenting).

The Commission Council of the City of New Orleans, availing itself of the provisions of Section 22A of Article XIV of the Constitution of 1921, created and organized the Vieux Carre Commission—composed of architects, persons versed in the historical importance of this section of New Orleans, and outstanding citizens recommended by the curators of the Louisiana State Museum and the Association of Commerce—for the purpose of preserving for the benefit of the people those buildings in the section that are of architectural and historical value, and, to that end, the Commission was given "such powers and duties as the Commission Council of the City of New Orleans shall deem fit and necessary," within the framework of the further provisions of this section authorizing the Council to create the Vieux Carre Commission.

Under this section the only authority in the matter accorded the Commission Council, other than the creation and organization of the commission as above outlined,

is that of taking such action as is necessary to effect reasonable compliance with the Vieux Carre Commission's recommendations, or to prevent any violation thereof. No where in this section is the Commission Council accorded the right to overrule or reverse these recommendations.

I must, therefore, respectfully dissent.